JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Thomas Spina

## DEFENDANTS
Refrigerated Serice & Engineering, RobertE. Hepp, III, Cynthia Fitzgerald-Hepp, and Kenneth C. Philo, II

**(b)** County of Residence of First Listed Plaintiff   Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Henry I. Pass, 3 Bala Plaza East, Suite 700A, Bala Cynwyd, PA 19004
610-660-8001

Attorneys *(If Known)*
See Attached List

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff
☐ 2   U.S. Government Defendant
☐ 3   Federal Question *(U.S. Government Not a Party)*
☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 78j
Brief description of cause:
Securities fraud and related common law claims in a dispute filed by a minority shareholder of a closely held corporation against majority shareholders

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE        DOCKET NUMBER

DATE
07/14/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

ADDRESSES OF PARTIES AND COUNSEL OF RECORD IN STATE COURT ACTION

Plaintiff
THOMAS SPINA
46 Brookwood Drive
Ivyland, PA 18974

Counsel
Henry I. Pass, Esq.  I.D. #21437
Richard G. Tuttle, Esq. I.D. #28685
3 Bala Plaza East, Suite 700A
Bala Cynwyd, PA 19004
215-660-8001
Attorneys for Plaintiff

Defendamts
REFRIGERATION, SERVICE AND
ENGINEERING, INC.
75 Industrial Parkway
Pottstown, PA 19464

Neal A Jacobs, Esq.  I.D. #41918
Richard E. Miller, Esq. I.D. #46451
2005 Market Street, Suite 1120
Philadelphia, Pa. 19103
Phone: (215) 569-9701
Attorneys for Defendant,
Refrigerated Service & Engineering

ROBERT E. HEPP III
2207 Oak Terrace
Lansdale, PA 19446

CYNTHIA A. FITZGERALD-HEPP
2207 Oak Terrace
Lansdale, PA 19446

Gary M. Samms, Esq.  I.D. #58096
One Penn Center, 19th Floor
1617 JFK Blvd.
Phone: (215) 665-3000
Attorney for Defendats, Robert E.
Hepp, III and Cynthia Fitzgerald-
Hepp

KENNETH C. PHILO, II
23 Flintlock Lane
Phoenixville, PA 19460

Michael D. LiPuma, Esq. I.D.#74790
325 Chestnut Street
Suite 1109
Philadelphia, PA 19106
Phone: (215) 922-2126
Attorney for Defendant,
Kenneth C. Philo, II

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Thomas Spina, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Refrigeration Service & Engineering, Inc. | : | NO. |
| Robert E. Hepp, III, | : | |
| Cynthia Fitzgerald-Hepp, and | : | |
| Kenneth C. Philo, II | : | |
| | : | |
| Defendants. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                 ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( X )


| | | |
|---|---|---|
| **July 14, 2014** | **Richard E. Miller** | **Refrigerated Service & Engin.** |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| 215-569-97010 | 215-569-9788 | rmiller@jacobslawpc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 46 Brookwood Drive, Ivyland, PA 18974

Address of Defendant:___75 Industrial Parkway

Place of Accident, Incident or Transaction:___Montgomery County
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No **X**

Does this case involve multidistrict litigation possibilities?    Yes☐  No **X**

*RELATED CASE, IF ANY*:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

Yes☐  No **X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

Yes☐  No **X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

Yes☐  No **X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

Yes☐  No **X**

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. X Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Richard E. Miller _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

DATE:___July 14, 2014_____    Richard E. Miller_____    46451_____
                                         Attorney-at-Law                      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:___July 14, 2014_____    Richard E. Miller_____    46451_____
                                         Attorney-at-Law                      Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Spina, | : |
| Plaintiff, | : |
| | : No. _____ |
| v. | : |
| | : |
| Refrigeration, Service and Engineering, Inc., | : |
| Robert E. Hepp III, Cynthia A. Fitzgerald- | : |
| Hepp and Kenneth C. Philo, II, | : |
| | : |
| Defendants | : |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1441(a) and 1446, Defendants hereby file this Notice of Removal of the above captioned action from the Court of Common Pleas for Montgomery County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, Defendants aver as follows:

1.      This action was commenced on May 29, 2014, by the filing of a Writ of Summons in the Court of Common Pleas for Montgomery County, Pennsylvania, in the matter of *Thomas Spina v. Refrigeration Service and Engineering, et al.*, No. 2014-12128.

2.      The Complaint was filed on June 20, 2014.

3.      The Complaint alleges violations of the Federal securities laws, 78 U.S.C. §§78j and 78t(a).

4.      This Court has original jurisdiction over the Federal securities laws claims.

5.      This action is removable to the District Court of the United States pursuant to 28 U.S.C. §§1331, 1441(a) and 1446.

6.       Copies of the current docket, all process and pleadings that have been received by Defendants, and the names and addresses of the Parties and their counsel are attached hereto as Exhibit "A".

7.       This Notice is timely filed, it being filed within thirty (30) days of Defendants' receipt of a copy of the Complaint.

WHEREFORE, Notice of Removal is given that this action is removed from the Court of Common Pleas for Montgomery County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Dated: July14, 2014

JACOBS LAW GROUP, PC

Neal A Jacobs, Esq.  I.D. #41918
Richard E. Miller, Esq. I.D. #46451
2005 Market Street, Suite 1120
Philadelphia, Pa. 19103
Phone: (215) 569-9701
Attorneys for Refrigeration, Service and
Engineering, Inc.

Obermayer Rebmann Maxwell & Hippel
LLP

Gary M. Samms, Esq.  I.D. #58096
One Penn Center, 19th Floor
1617 JFK Blvd.
Philadelphia, PA 19103
Phone: (215) 665-3000
Attorneys for Robert E. Hepp, III and
Cynthia Fitzgerald-Hepp

Michael D. LiPuma, Esq.  I.D. #74790
325 Chestnut Street
Suite 1109
Philadelphia, PA 19106
Phone: (215) 922-2126
Attorney for Kenneth C. Philo, II

<u>CERTIFICATE OF SERVICE</u>

 I hereby certify that a true and correct copy of this Notice of Removal was served on July 14, 2014, upon the following via first class mail:

Henry I. Pass, Esq.
Suite 700A
3 Bala Plaza East
Bala Cynwyd, PA  19004-3492


_____
Richard Miller

# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF
MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL DIVISION

Thomas Spina,                               :
                                            :        Civil Action No. 2014-12128
                            Plaintiff,      :
                                            :
                    v.                      :
                                            :
Refrigeration, Service and Engineering,     :
Inc., et al.,                               :
                                            :
                            Defendants.     :
                                            :

NOTICE OF REMOVAL

TO:    THE PROTHONOTARY OF THE COURT OF COMMON PLEAS
       FOR MONTGOMERY COUNTY, PENNSYLVANIA

       Pursuant to 28 U.S.C. §§1331, 1441(a) and 1446, on July 14 2014, the Defendants filed a

Notice of Removal in the United States District Court for the Eastern District of Pennsylvania.

A copy of the Notice of Removal is attached hereto.

                                    Respectfully submitted,

                                    JACOBS LAW GROUP, PC

Dated: July 14, 2014
                                    Neal A Jacobs, Esq.  I.D. #41918
                                    Richard E. Miller, Esq. I.D. #46451
                                    2005 Market Street, Suite 1120
                                    Philadelphia, Pa. 19103
                                    Phone: (215) 569-9701
                                    Attorneys for Defendant, Refrigeration,
                                    Service and Engineering, Inc.

Obermayer Rebmann Maxwell & Hippel
LLP

Gary M. Samms, Esq.  I.D. #58096
One Penn Center, 19th Floor
1617 JFK Blvd.
Philadelphia, PA 19103
Phone: (215) 665-3000
Attorneys for Defendants, Robert E. Hepp,
III and Cynthia Fitzgerald-Hepp


Michael D. LiPuma, Esq.  I.D. #74790
325 Chestnut Street
Suite 1109
Philadelphia, PA 19106
Phone: (215) 922-2126
Attorney for Defendant, Kenneth C. Philo, II

ADDRESSES OF PARTIES AND COUNSEL OF RECORD IN STATE COURT ACTION

Plaintiff
THOMAS SPINA
46 Brookwood Drive
Ivyland, PA 18974

Counsel
Henry I. Pass, Esq.  I.D. #21437
Richard G. Tuttle, Esq. I.D. #28685
3 Bala Plaza East, Suite 700A
Bala Cynwyd, PA 19004
215-660-8001
Attorneys for Plaintiff

Defendamts
REFRIGERATION, SERVICE AND
ENGINEERING, INC.
75 Industrial Parkway
Pottstown, PA 19464

Neal A Jacobs, Esq.  I.D. #41918
Richard E. Miller, Esq. I.D. #46451
2005 Market Street, Suite 1120
Philadelphia, Pa. 19103
Phone: (215) 569-9701
Attorneys for Defendant,
Refrigerated Service & Engineering

ROBERT E. HEPP III
2207 Oak Terrace
Lansdale, PA 19446

CYNTHIA A. FITZGERALD-HEPP
2207 Oak Terrace
Lansdale, PA 19446

Gary M. Samms, Esq.  I.D. #58096
One Penn Center, 19th Floor
1617 JFK Blvd.
Phone: (215) 665-3000
Attorney for Defendats, Robert E.
Hepp, III and Cynthia Fitzgerald-
Hepp

KENNETH C. PHILO, II
23 Flintlock Lane
Phoenixville, PA 19460

Michael D. LiPuma, Esq. I.D.#74790
325 Chestnut Street
Suite 1109
Philadelphia, PA 19106
Phone: (215) 922-2126
Attorney for Defendant,
Kenneth C. Philo, II

Back to Search  >  Case #2014-12128

## ⊟ Case Details

| | |
|---|---|
| Case Number | 2014-12128 |
| Commencement Date | 5/29/2014 |
| Case Type | Summons Civil Action |
| PFA Number | |
| Caption Plaintiff | SPINA, THOMAS |
| Caption Defendant | REFRIGERATION SERVICE AND ENGINEERING INC |
| Lis Pendens Indicator | No |
| Status | 2 - OPEN |
| Judge | BRANCA |
| Remarks | |
| Sealed | No |
| Interpreter Needed | |

Docket Date Range: | Docket Entries

## ⊟ Plaintiffs

| Name | Address | Country | Counsel | Notify | Sequence |
|---|---|---|---|---|---|
| SPINA, THOMAS | 46 BROOKWOOD DRIVE IVYLAND, PA 18974 UNITED STATES | UNITED STATES | PASS, HENRY I | Yes | 1 |

## ⊟ Defendants

| Name | Address | Country | Counsel | Notify | Sequence |
|---|---|---|---|---|---|
| REFRIGERATION SERVICE AND ENGINEERING INC | 75 INDUSTRIAL PARKWAY POTTSTOWN, PA 19464 UNITED STATES | UNITED STATES | MILLER, RICHARD E JACOBS, NEAL A | Yes | 1 |
| FITZGERALD-HEPP, CYNTHIA | 2207 OAK TERRACE LANSDALE, PA 19446 UNITED STATES | UNITED STATES | BANNERMAN, JC MICHAEL | Yes | 2 |
| HEPP, ROBERT E III | 2207 OAK TERRACE LANSDALE, PA 19446 UNITED STATES | UNITED STATES | BANNERMAN, JC MICHAEL | Yes | 3 |
| PHILO, KENNETH | 23 FLINTLOCK LANE PHOENIXVILLE, PA 19460 UNITED STATES | UNITED STATES | LIPUMA, MICHAEL D | Yes | 4 |

## ⊟ Garnishees

## ⊟ Other Party Types

## ⊟ Docket Entries

| Seq. | | Filing Date | Docket Type | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|---|
| 0 | E | 5/29/2014 | Summons Civil Action | | No | 9810735 |
| 1 | E | 5/30/2014 | Entry of Appearance | OF GARY M. SAMMS FOR ROBERT E. HEPP, III AND CYNTHIA A. FITZGERALD-HEPP | No | 9815010 |
| 2 | E | 5/30/2014 | Affidavit/Certificate of Service of | ENTRY OF APPEARANCE ON 05/30/2014 TO COUNSEL OF RECORD | No | 9815013 |
| 3 | E | 5/30/2014 | Praec to Enter Rule Upon | THOMAS SPINA TO FILE A COMPLAINT | No | 9816675 |
| 4 | E | 6/11/2014 | Acceptance of Service By | MICHAEL L. LIPUMA AS ATTORNEY FOR DEF KENNETH C PHILO II ON 06/10/2014 | No | 9832144 |
| 5 | E | 6/11/2014 | Entry of Appearance | OF RICHARD MILLER/NEAL JACOBS FOR REFRIGERATION SERVICE AND ENGINEERING, INC. | No | 9832987 |
| 6 | E | 6/19/2014 | Complaint In | | No | 9843725 |

| 7 | E | 6/19/2014 | Affidavit/Certificate of Service of | PLAINTIFF'S COMPLAINT ON 06/19/2014 TO ALL DEFENDANTS | No | 9843726 |
|---|---|---|---|---|---|---|
| 8 | | 6/23/2014 | (Internal Use Only) Served | CYNTHIA A FITZGERALD-HEPP ON 6-18-14 | No | 9845493 |
| 9 | | 6/23/2014 | (Internal Use Only) Served | ROBERT E HEPP III ON 6-18-14 | No | 9845534 |
| 10 | | 6/23/2014 | (Internal Use Only) Served | CYNTHIA A FITZGERALD-HEPP ON 6-18-14 | No | 9846625 |
| 11 | | 6/23/2014 | (Internal Use Only) Served | ROBERT E HEPP III ON 6-18-14 | No | 9846626 |
| 12 | | 6/23/2014 | Entry of Appearance | OF MICHAEL LIPUMA FOR KENNETH C PHILO II | No | 9846805 |

⊟ **Judgments**

⊟ **Parcel Numbers**

⊟ **Archive Locations**

⊟ **Linked Cases**

Copyright © 2008-2014 Paperless Solutions, Inc. All rights reserved.

(Page 1 of 6)

Case# 2014-12128-0 Received at Montgomery County Prothonotary on 05/29/2014 4:30 PM, Fee = $258.00

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

THOMAS SPINA

vs.

REFRIGERATION SERVICE AND ENGINEERING INC

NO. 2014-12128

## PRAECIPE FOR SUMMONS

To the Prothonotary:

Issue Summons in Civil Action in the above case.

ORIGINAL SIGNATURE RETAINED BY THE FILING PARTY

Signature

HENRY I. PASS

Filing Party

21437

ID Number

Date    05/29/2014

LAW OFFICES OF HENRY IAN PASS

Firm Name

3 BALA PLAZA EAST, SUITE 700A

Address

BALA CYNWYD PA 19004

610 660-8001

Phone

* * * * * * * * *

TO:   Defendant(s)

You are notified that the Plaintiff(s) has / have commenced an action against you.



Prothonotary, Montgomery County

Date:   05/29/2014                    By:  k kester

Clerk / Deputy

Addresses must be included for all parties.

(Page 2 of 6)

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

THOMAS SPINA

vs.

REFRIGERATION SERVICE AND ENGINEERING INC

NO. 2014-12128

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document commencing an action in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:  HENRY I PASS, Esq., ID: 21437

Self-Represented (Pro Se) Litigant ☐

**Class Action Suit**        ☐ Yes    ☒ No

**MDJ Appeal**    ☐ Yes    ☒ No          **Money Damages Requested** ☐

**Commencement of Action:**          **Amount in Controversy:**

Writ of Summons

## Case Type and Code

Tort:

Intentional

**Other:**

Case# 2014-12128-0 Received at Montgomery County Prothonotary on 05/29/2014 4:30 PM, Fee = $258.00

Case# 2014-12128-0 Received at Montgomery County Prothonotary on 05/29/2014 4:30 PM, Fee = $258.00

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

THOMAS SPINA, in his individual capacity
 and derivatively,
46 Brookwood Drive
Ivyland, PA 18974

              Plaintiff,

    v.

REFRIGERATION, SERVICE AND ENGINEERING, INC.
75 Industrial Parkway
Pottstown, PA 19464
      and
ROBERT E. HEPP III
2207 Oak Terrace
Lansdale, PA 19446
      and
CYNTHIA A. FITZGERALD-HEPP
2207 Oak Terrace
Lansdale, PA 19446
      and
KENNETH C. PHILO, II
23 Flintlock Lane
Phoenixville, PA 19460

           Defendants.

Civil Action No. _____

(Page 4 of 6)

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

Case# 2014-12128-0 Received at Montgomery County Prothonotary on 05/29/2014 4:30 PM, Fee = $258.00

THOMAS SPINA, in his individual capacity
 and derivatively,
46 Brookwood Drive
Ivyland, PA 18974

     Plaintiff,

   v.

REFRIGERATION, SERVICE AND ENGINEERING, INC.
75 Industrial Parkway
Pottstown, PA 19464
   and
ROBERT E. HEPP III
2207 Oak Terrace
Lansdale, PA 19446
   and
CYNTHIA A. FITZGERALD-HEPP
2207 Oak Terrace
Lansdale, PA 19446
   and
KENNETH C. PHILO, II
23 Flintlock Lane
Phoenixville, PA 19460

     Defendants.

    Civil Action No. _____

PRAECIPE FOR SUMMONS

Civil Action

To the Prothonotary:

  Kindly issue a Writ of Summons — Civil Action in the above case, as described in Exhibit "A" attached hereto and incorporated herein by reference.

  Writ of Summons shall be forwarded to  X /Attorney  ___ Sheriff

                Henry Ian Pass, Esq., I.D. No. 21437
                LAW OFFICES OF HENRY IAN PASS
                3 Bala Plaza East, Suite 700A
                Bala Cynwyd, PA 19004
                Telephone No.: (610) 660-8001
                Fax No.: (610) 660-8004
                E-mail: hip@hipesq.com

DATED: May 29, 2014         *Attorney for Plaintiff, Thomas Spina*

(Page 5 of 6)

Case# 2014-12128-0 Received at Montgomery County Prothonotary on 05/29/2014 4:30 PM, Fee = $258.00

WRIT

To:  REFRIGERATION, SERVICE AND ENGINEERING, INC.
75 Industrial Parkway
Pottstown, PA 19464
            and
ROBERT E. HEPP III
2207 Oak Terrace
Lansdale, PA 19446
            and
CYNTHIA A. FITZGERALD-HEPP
2207 Oak Terrace
Lansdale, PA 19446
            and
KENNETH C. PHILO, II
23 Flintlock Lane
Phoenixville, PA 19460

You are notified that the Plaintiff has commenced an action against you.

SEAL OF                      MARK LEVY
THE COURT                    Prothonotary, Montgomery County

Date: _____      By: _____
                                          Clerk/Deputy

EXHIBIT "A"

TO PRAECIPE TO ISSUE WRIT OF SUMMONS

This is an action for breaches of statutory and common law duties arising out of the merger of Defendant Refrigeration, Service and Engineering, Inc. ("RSE") into Industrial Refrigeration & Engineering, Inc., the merger's aftermath and the oppressive campaign by Defendants to unlawfully sell the assets of Defendant RSE to Stellar Refrigeration Services, Inc. ("Stellar").

Plaintiff's causes of action include, without limitation, the following: Violation of Federal and state securities laws; conversion; breach of fiduciary duty, interested director transactions, interested shareholder transactions, fraud, negligence, breach of duty of loyalty, breach of contract, anticipatory repudiation of contract, tortious interference, minority shareholder oppression, corporate waste, *ultra vires* undertakings, diversion of corporate opportunity, self-dealing, waste, unjust enrichment, intentional misrepresentation, negligent misrepresentation, conflicts of interest, conspiracy to commit and aiding and abetting the commission of the foregoing.

Plaintiff's remedies being sought include, without limitation, temporary and permanent injunctive relief, rescission, compensatory damages, punitive damages, counsel fees, pre- and post-judgment interest, an accounting, imposition of a constructive trust, disgorgement and/or such other legal and equitable remedies asserted in Plaintiff's Complaint. Such remedies may also include, without limitation, court supervised receivership or dissolution under the Business Corporation Law of 1988, as amended.

(Page 1 of 2)

Case# 2014-12128-5 Docketed at Montgomery County Prothonotary on 06/11/2014 3:44 PM, Fee = $0.00

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

THOMAS SPINA

vs.

REFRIGERATION SERVICE AND ENGINEERING INC

NO. 2014-12128

## PRAECIPE FOR APPEARANCE

TO THE PROTHONOTARY:

Please enter my appearance for

REFRIGERATION SERVICE AND ENGINEERING, INC.

in the above case.

Date:   06/11/2014

ORIGINAL SIGNATURE RETAINED BY THE FILING PARTY

Signature

RICHARD MILLER/NEAL JACOBS

Filing Party

46451/41918

ID Number

JACOBS LAW GROUP

Firm Name

2005 MARKET STREET
SUITE 1120

Address

PHILADELPHIA, PA  19103

2155699701

Phone

Case# 2014-12128-5 Docketed at Montgomery County Prothonotary on 06/11/2014 3:44 PM, Fee = $0.00

<u>CERTIFICATE OF SERVICE</u>

I certify that on June 11, 2014, I filed the foregoing Entry of Appearance electronically and it is now available for viewing and downloading from the Court's Electronic Case Filing System, which is service on all registered users in this action, including the following:

Henry I. Pass, Esq.
Suite 700A
3 Bala Plaza East
Bala Cynwyd, PA  19004-3492

Gary M. Samms, Esq.
One Penn Center, 19th Floor
1617 JFK Blvd.
Philadelphia, PA 19103

Richard Miller

## IN THE MONTGOMERY COUNTY COURT OF COMMON PLEAS

|  |  |
|---|---|
| THOMAS SPINA, in his individual capacity and derivatively, | : |
| Plaintiff, | : TRIAL DIVISION |
| | : |
| v. | : No. 2014-12128 |
| | : |
| REFRIGERATION, SERVICE AND ENGINEERING, INC., ROBERT E. HEPP III, CYNTHIA A. FITZGERALD-HEPP and KENNETH C. PHILO, II | : |
| Defendants. | : |

### NOTICE TO DEFEND

     You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
100 West Airy Street
Norristown, PA 19401
(610) 279-9660

Henry I. Pass, Esq., PA Atty. I.D. #21437
Richard G. Tuttle, Esq., PA Atty. I.D. # 28685
LAW OFFICES OF HENRY IAN PASS
3 Bala Plaza East, Suite 700A
Bala Cynwyd, PA 19004
(610) 660-8001 (Phone)
(610) 660-8004 (Fax)
hip@hipesq.com (E-mail)

*Attorney for Plaintiff, Thomas Spina*

| | |
|---|---|
| THOMAS SPINA, in his individual capacity<br>and derivatively,<br>46 Brookwood Drive<br>Ivyland, PA 18974 | MONTGOMERY COUNTY<br>COURT OF COMMON PLEAS<br>TRIAL DIVISION |
|            Plaintiff, | |
|     v. | |
| REFRIGERATION, SERVICE AND ENGINEERING, INC.<br>75 Industrial Parkway<br>Pottstown, PA 19464<br>    and<br>ROBERT E. HEPP III<br>2207 Oak Terrace<br>Lansdale, PA 19446<br>    and<br>CYNTHIA A. FITZGERALD-HEPP<br>2207 Oak Terrace<br>Lansdale, PA 19446<br>    AND<br>KENNETH C. PHILO, II<br>23 Flintlock Lane<br>Phoenixville, PA 19460<br>           Defendants. | No. 2014-12128 |

# COMPLAINT

## INTRODUCTION

This is an action for breaches of statutory and common law duties arising out of the

merger of Defendant Refrigeration, Service and Engineering, Inc. into Industrial Refrigeration &

Engineering, Inc., the merger's aftermath and the oppressive campaign by Defendants to

unlawfully sell the assets of Defendant RSE to Stellar Refrigeration Services, Inc.

PARTIES

1.      Plaintiff Thomas Spina is an adult citizen and resident of the Commonwealth of Pennsylvania, residing at 46 Brookwood Drive, Ivyland, PA 18974.

2.      Defendant Refrigeration, Service and Engineering, Inc. ("RSE") is a Pennsylvania corporation with its principal office and place of business at 75 Industrial Parkway, Pottstown, Pennsylvania 19464.

3.      Defendant Robert E. Hepp, III ("Robert Hepp"), is an adult citizen and resident of the Commonwealth of Pennsylvania, residing at 2207 Oak Terrace, Lansdale, Pennsylvania 19446.

4.      Defendant Cynthia A. Fitzgerald-Hepp ("Cynthia Hepp") is an adult citizen and resident of the Commonwealth of Pennsylvania, residing at 2207 Oak Terrace, Lansdale, Pennsylvania 19446.

5.      Defendant Kenneth C. Philo, II ("Philo") is an adult citizen and resident of the Commonwealth of Pennsylvania, residing at 23 Flintlock Lane, Phoenixville, Pennsylvania 19460.

6.      Defendants Robert Hepp, Cynthia Hepp and RSE are referred to from time to time hereafter, collectively, as the "Hepp Defendants."

7.      Defendants Robert Hepp, Cynthia Hepp and Philo are referred to from time to time hereafter, collectively, as the "Individual Defendants."

8.      Plaintiff initiated this action by Writ of Summons filed on May 29, 2014.

ALLEGATIONS APPLICABLE TO ALL COUNTS

9.      Defendant RSE is the surviving company following a merger between RSE and Industrial Refrigeration and Engineering, Inc. ("IRE") (hereafter, the "Merger"). IRE was a

2

Pennsylvania corporation owned 33-1/3% by Plaintiff immediately before the Merger.  The Merger of IRE into RSE was effective on December 29, 2011.

10.     Immediately before the Merger, Defendants Robert Hepp and Philo were shareholders of RSE.

11.     During the period leading up to December, 2011, RSE (as it existed before the Merger) and IRE were managed and operated as a single enterprise under the direction of Defendant Robert Hepp. Plaintiff's ownership in that combined enterprise was a one-third stake in IRE, notwithstanding that the company with which Plaintiff was principally involved, IRE, had contributed most of the expertise and customer relationships on which the combined enterprise depended.

12.     Defendant Robert Hepp was the controlling shareholder of RSE before the Merger.

13.     Before the Merger, RSE billed IRE for overhead, rent and administrative services putatively provided by RSE to IRE.

14.     Pursuant to the plan of merger for the Merger, Defendants Robert Hepp and Cynthia Hepp decided that RSE should be the surviving company.  The Hepp Defendants insisted to Plaintiff that he not only exchange his shares in IRE, but also purchase shares of RSE, as a condition of proceeding with the Merger.

15.     There was never a meeting of shareholders of IRE to discuss a merger with RSE, and never a plan of merger timely submitted to Plaintiff or other shareholders for review.  The Hepp Defendants intentionally concealed relevant facts about the deal to mislead Plaintiff into accepting it.

16.     The Hepp Defendants represented to Plaintiff that the contemplated Merger between RSE and IRE was necessary to eliminate redundancies and create economies of scale.

3

17.   The Hepp Defendants demanded that Plaintiff tender not only his shares in IRE, but also the sum of $294,000, to obtain a 30% interest in RSE as the surviving company.

18.   The Hepp Defendants, as sellers and buyers of securities, intentionally caused Plaintiff to believe, incorrectly, that a 30% interest in RSE was worth (i) Plaintiff's 33% stake in IRE (to be tendered for shares in RSE), plus (ii) $294,000.

19.   Defendant RSE's issuance of shares of RSE to Plaintiff in exchange for Plaintiff's shares in IRE, all in consummation of the Merger, constituted a sale and purchase of securities within the meaning of state and federal securities laws.

20.   The Hepp Defendants, by misstatement and omission, misrepresented the value of RSE by failing to disclose that, before the merger, RSE had grossly overbilled IRE for overhead, rent, and administration, thereby inflating RSE's earnings and depressing IRE's earnings.  In so doing, the Hepp Defendants made RSE appear more valuable, and IRE less valuable, than each actually was.  Plaintiff paid far more for his interest in RSE than he would have if the relative values of the two companies were accurately presented by Defendants.

21.   Joseph Koury, Esquire, counsel for RSE, prepared documents to memorialize Plaintiff's agreement to assume $193,000 of indebtedness to Defendant Robert Hepp, and $96,600 of indebtedness to Defendant Cynthia Hepp, as consideration for said Defendants' transfers to Plaintiff of shares in RSE in connection with the Merger.  Other documents prepared by Mr. Koury memorialized Plaintiff's pledge of shares in RSE to secure such indebtedness.

22.   Plaintiff reasonably trusted in Mr. Koury's good faith and fairness.

23.   In late 2011, during the period leading up to the Merger, Plaintiff was repeatedly reassured by Defendant Robert Hepp that Plaintiff would receive a 30% share in the merged company in exchange for his shares in IRE.

4

24.   At the last minute, the Hepp Defendants insisted that the deal already negotiated was too generous to Plaintiff.

25.   Shortly before Plaintiff was instructed to sign the Merger documents, the Hepp Defendants presented Plaintiff with a document encaptioned "Business valuations," purportedly prepared by R. Victor Haas Jr. of Haas Business Valuation Services, Inc. (the "Business Valuations"). A true and correct copy of the Business Valuations is attached hereto as Exhibit A.

26.   The Business Valuations were prepared on the basis of data provided by the Hepp Defendants, with no input from Plaintiff. As the Hepp Defendants knew and intended, the data that they provided to Mr. Haas unfairly skewed the relative values of the two companies, making RSE appear to be more valuable than, in fact, it was, and making IRE appear to be less valuable than, in fact, it was.

27.   The Business Valuations fraudulently represented to Plaintiff that RSE was substantially more valuable than IRE, thus purporting to justify the Hepp Defendants' demand that Plaintiff pay additional funds to Robert Hepp and Cynthia Hepp in connection with the Merger.

28.   The Hepp Defendants knew that the Business Valuations were false, and intended that Plaintiff be misled by them.

29.   Additionally the Hepp Defendants caused a member of RSE's firm of certified public accountants to advise Plaintiff that he would need to pay more for his shares in the merged company for the deal to be fair to the Hepp Defendants.

30.   In fact, as of the end of 2011, RSE was substantially less valuable than IRE, as conclusively evidenced by the fact that the functions performed by IRE before the Merger, as provided after the Merger, contributed substantially more to the merged company's revenues and

profits during 2012 and 2013 than did the assets formerly owned and operated by RSE, pre-Merger.

31.    Plaintiff was afforded only a few minutes to review the Business Valuations, the Stock Purchase and Sale Agreements, the Stock Pledge and Security Agreements (the "Pledge Agreements," copies of which are attached hereto, collectively, as Exhibit B), and the Promissory Notes (the "Notes") that were presented to him by Mr. Koury and the Hepp Defendants. Mr. Koury and the Hepp Defendants instructed Plaintiff that he would have to sign the documents immediately to make the Merger effective by year-end 2011.

32.    As the Hepp Defendants were aware, Plaintiff was (and is) generally unsophisticated in financial issues implicated by business combinations and related corporate governance, and reasonably and necessarily relied upon said Defendants' representations concerning the benefits and advantages that Plaintiff would purportedly enjoy as a result of the Merger.

33.    Plaintiff's shares of stock in IRE, and the shares of RSE stock that he purchased, are securities within the meaning of state and federal securities laws.

34.    Plaintiff trusted in Mr. Koury's integrity and in the integrity of RSE's certified public accountants and believed that each was looking out for Plaintiff's interests. Thus, when each of them, as agents of the Hepp Defendants, represented to Plaintiff that the documents reflecting the transfer of shares and payment therefor were fair to all parties, Plaintiff reasonably believed and credited that representation.

35.    To induce Plaintiff to enter into an agreement to proceed with the Merger, and to induce Plaintiff to tender his shares in IRE in exchange for shares of RSE to effectuate the Merger, Defendants made false representations of material fact to Plaintiff, including the following:

6

     a.    That the merger of RSE and IRE would result in economies of scale sufficient to justify the extra money Plaintiff would be required to invest in the merged company.

     b.    That the combination of RSE and IRE would result in the elimination of redundancies sufficient to justify the extra money Plaintiff would be required to invest in the merged company.

     c.    That RSE was substantially more valuable than IRE.

     d.    That the merger would be a good deal for all shareholders of IRE.

36.    To induce Plaintiff to enter into an agreement to proceed with the Merger, and to induce Plaintiff to tender his shares in IRE in exchange for shares of RSE to effectuate the Merger, Defendants omitted to disclose to Plaintiff various material facts about RSE (the "Omissions"), including the following:

     a.    The extent to which, and the true reasons for which, RSE had been overbilling IRE for overhead, rent, and administration, thereby falsely inflating RSE's earnings and depressing IRE's earnings.

     b.    That RSE had been considering declaring bankruptcy.

37.    As a result of the Merger, Plaintiff became and remains the owner of thirty percent (30%) of the issued and outstanding common voting shares of RSE.

38.    The value of RSE and IRE, operated as a single concern immediately before the Merger, was $2.2 million.

39.    The value of RSE immediately after the Merger was $2.2 million.

40.    Between the end of December, 2011, when the Merger became effective, and May 29, 2014 (the date on which this action was initiated by Writ of Summons), RSE experienced strong sales growth and profitability.  As of May 29, 2014, RSE was worth substantially more than $2.2 million.

41.   Virtually all of that growth in sales and profitability was driven by RSE's exploitation of assets that were formerly owned by IRE.

42.   At some point on or before May 4, 2014, the Hepp Defendants, without consulting Plaintiff or any other shareholder of RSE, reached an agreement in principle with Stellar Refrigeration Services, Inc., of Jacksonville, Florida ("Stellar"), to sell all of RSE's assets, exclusive of cash and accounts receivable, to Stellar for $475,000, payable over three years. Said agreement in principle has since been reduced to writing.  A copy of the contract between RSE and Stellar for the sale of assets (the "Sale of Assets Agreement") is attached hereto as Exhibit C.

43.   By means of a putative Notice of Special Meeting of Shareholders dated May 8, 2014 (the "Putative Notice"), Defendants advised Plaintiff that Defendants would hold a meeting of shareholders of RSE on May 19, 2014.

44.   The Putative Notice was purportedly approved by the board of directors of RSE, and purported to call a shareholders' meeting to consider approval of the sale of assets to Stellar.

45.   In violation of Pennsylvania law, no shareholder vote was ever conducted to elect the "directors" who purported to approve the Putative Notice.

46.   The Putative Notice was, and remains, a nullity, with no legal force or effect.

47.   Pursuant to 15 Pa.C.S. § 1574, Plaintiff notified RSE and the other Defendants that he elected to dissent from any decision to sell assets of RSE, pursuant to the Sale of Assets Agreement or otherwise.  A copy of said notice is attached hereto as Exhibit D.

48.   At the time of the shareholders' purported approval of the sale of substantially all of the assets of RSE (other than cash or receivables) for $475,000 pursuant to the Sale of Assets Agreement, RSE was a thriving business with gross annual revenues of more than nine million dollars, accounts receivable of more than two million dollars, and substantial reserves of cash.

8

49.   The present fair market value of RSE as a going concern and excluding cash and accounts receivable is, on information and belief, well in excess of two million two hundred thousand dollars ($2,200,000).

50.   On information and belief, Stellar was prepared to pay substantially more than $475,000 to RSE for substantially all of its assets.

51.   In violation of their duties as majority shareholders in a close corporation, the Individual Defendants diverted consideration that Stellar was willing to pay for RSE's assets. On information and belief, the Individual Defendants negotiated, instead, for the payment of large guaranteed sums to the Individual Defendants as part of employment or other agreements with Stellar.

52.   On information and belief, Stellar has agreed to pay far more in salary, benefits and other consideration to one or more of the Individual Defendants than the fair market value of the services that they will render to Stellar.  Stellar agreed to that arrangement because the Individual Defendants conditioned their approval, as shareholders of RSE, of the Sale of Assets Agreement upon Stellar's consent to divert consideration to the employment or other contracts.

53.   Stellar was not concerned with the apportionment of the consideration among assets and employee services, so long as it obtained RSE's going concern value in exchange for the total consideration to be tendered by Stellar.

54.   By a vote of shareholders held on May 22, 2014 (adjourned from May 19, 2014), shareholders Robert Hepp, Cynthia Hepp, and Kenneth Philo (i.e., each of the Individual Defendants) voted to approve the Sale of Assets to Stellar.  Plaintiff voted all of his shares against the Sale of Assets.

9

55.   Prior to said vote, Plaintiff demanded that each Individual Defendant disclose the terms of his or her contemplated employment or other agreements with Stellar.  All refused, in violation of their fiduciary duties to Plaintiff.

56.   Prior to said vote, Plaintiff had offered to pay $500,000 for the same assets to be purchased by Stellar for $475,000.  Moreover, Plaintiff offered to make such purchase in cash rather than in installments as proposed by Stellar.  Said offer was rejected by RSE, at the instance and insistence of the Individual Defendants.  Said Defendants' rejection of Plaintiff's offer conclusively demonstrated that said Defendants' real motivation to approve the deal with Stellar was and is to enjoy the benefits of artificially padded employment agreements and other consideration, and not to act in the best interests of RSE and its shareholders.

57.   The Individual Defendants' diversion and application of Stellar's funds to their respective employment agreements, rather than causing said funds to be paid by Stellar for the good will and hard assets of RSE, constituted a usurpation by said Defendants of corporate opportunities, misuse and diversion of corporate assets, and conversion.

58.   Throughout the period between the Merger and negotiation of the Sale of Assets Agreement, Defendants Robert Hepp and Cynthia Hepp, without the knowledge or approval of any other shareholder of RSE, used substantial cash and other assets of RSE to pay personal expenses, such as home repair and remodeling.  Said use of RSE's property wasted corporate assets, was *ultra vires*, and violated Pennsylvania law.  Additionally, to the extent, if at all, that said Defendants incorporated into such repair and remodeling any parts, supplies or materials purchased through the use of RSE's Pennsylvania sales tax exemption, said Defendants violated Pennsylvania's tax laws.

10

59. Plaintiff has made appropriate demands upon the Board of Directors to insist upon disgorgement, restitution, reimbursement of corporate funds and property of RSE by Defendants Robert Hepp, Cynthia Hepp, and Philo, or is excused from such demands as a result of futility.

60. Defendants have engaged in fraud and fundamental unfairness within the meaning of 15 Pa.C.S. § 1105.

61. On information and belief, the fraudulent scheme orchestrated and perpetrated by all of the Defendants is far more pervasive, sinister and damaging than discovered thus far by Plaintiff as alleged in this Complaint.

62. As a result of the conduct of Defendants, Plaintiff has suffered, and will continue to suffer, irreparable injury, and money damages, alone, will be inadequate.  Plaintiff has no complete and adequate remedy at law.

63. Plaintiff is entitled to a full and complete accounting from all Defendants disclosing, *inter alia*, the following:

    a.    all amounts owing to Plaintiff, either lost, embezzled or converted by any of the Defendants (the "Ill-Gotten Gains");

    b.    the identity of the source of all Ill-Gotten Gains;

    c.    the identity of the payor of any Ill-Gotten Gains;

    d.    the identity of the payee of any Ill-Gotten Gains;

    e.    the disposition of any Ill-Gotten Gains;

    f.    the current location (i.e., depository, custodian, possessor) of any Ill-Gotten Gains; and

    g.    all documents relating to or referring to the Ill-Gotten Gains.

64. Plaintiff is entitled to an accounting from each Defendant and from all Defendants.

11

65.   Plaintiff is entitled to have a constructive trust imposed against all of the known and presently unknown Ill-Gotten Gains fraudulently or otherwise unlawfully obtained, embezzled and/or converted by any of the Defendants including, without limitation, all assets, both tangible and intangible, to which such known or presently unknown Ill-Gotten Gains have been converted or to which they can be directly or indirectly traced.

66.   The conditions for appointment of a custodian or receiver under 15 Pa.C.S. § 1767 have been satisfied.

### CLAIMS ARISING OUT OF THE MERGER

#### COUNT I
#### Violation of 78 U.S.C. § 78j and S.E.C. Rule 10b-5

67.   Plaintiff incorporates by reference the allegations in paragraphs 1 through 66.

68.   Each of the Hepp Defendants carried out a plan, scheme and course of conduct which was intended to and did deceive the Plaintiff, and caused Plaintiff to purchase shares in RSE and to execute the Notes at distorted prices and otherwise to suffer damages.  In furtherance of this unlawful scheme, plan and course of conduct, each Hepp Defendant took the actions set forth herein.

69.   The Hepp Defendants (i) employed devices, schemes and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements made not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the Plaintiff, in an effort to enrich themselves, all in violation of Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.*, and S.E.C. Rule 10b-5 promulgated thereunder.   All of the Hepp Defendants are sued as primary participants in the wrongful and illegal conduct and scheme charged herein.

12