# EXHIBIT E

## REFRIGERATION SERVICE AND ENGINEERING
## NOTICE OF SPECIAL MEETING OF SHAREHOLDERS

Pursuant to Resolution of the Board of Directors, notice is hereby given that a special meeting of the shareholders of Refrigeration, Service and Engineering, Inc. a Pennsylvania corporation (the "Corporation"), will be held at 9:30 a.m. on July 12, 2014 at the Holiday Inn Express Suites, 15 Keystone Drive, Limerick, PA, for the purpose of voting upon the resolution of the Board of Directors of the Corporation recommending the voluntary winding up and dissolution of the Corporation, including a Plan of Liquidation and Dissolution for the Corporation (the "Plan").

A copy of the Board Resolutions (including the Plan) are attached as Exhibit 1 to this notice, and the proposed Dissolution resolutions to be considered and voted on by the shareholders are attached to this notice as Exhibit 2.

Date:     July 2, 2014

_____
Kenneth C. Philo, II, Secretary

**Exhibit 1**

## UNANIMOUS CONSENT OF DIRECTORS OF
## REFRIGERATION, SERVICE AND ENGINEERING, INC.

The undersigned, being all the Directors of Refrigeration, Service and Engineering, Inc., a corporation organized under the laws of the Commonwealth of Pennsylvania (the "Corporation"), do hereby consent to the following resolutions in accordance with the Bylaws of the Corporation and the Business Corporation Law of Pennsylvania:

*RESOLVED*, that the Corporation be completely liquidated and dissolved subject to the approval of the shareholders, and that the Directors hereby recommend approval by the shareholders; and further

*RESOLVED*, that the Plan of Liquidation and Dissolution in the form attached to this Consent pursuant to which the Corporation will be voluntarily dissolved under Pennsylvania law, be and is hereby adopted, subject to the approval of the shareholders; and further

*RESOLVED*, that the Plan of Liquidation and Dissolution be submitted to the shareholders for approval at a meeting to be held at 9:30 a.m. on July 12, 2014 at the Holiday Inn Express Suites, 15 Keystone Drive, Limerick, PA; and further

*RESOLVED*, that the Secretary of the Corporation is hereby authorized and directed to give written notice to all shareholders of the Corporation of the said meeting at least ten (10) days before the date of the meeting; and further

*RESOLVED*, that the proper officers of the Corporation and each of them be and is hereby authorized and directed to take all actions which the officer acting deems necessary or desirable to carry out the intent of the foregoing resolutions.

IN WITNESS WHEREOF, the undersigned have executed this Unanimous Consent of Directors on this 2nd day of July, 2014.

Robert E. Hepp

Kenneth C. Philo, II

Cynthia A. Fitzgerald-Hepp

Filed with the Secretary of the Corporation on this 2nd day of July, 2014.

Kenneth C. Philo, II, Secretary

# PLAN OF LIQUIDATION AND DISSOLUTION
# OF
# REFRIGERATION, SERVICE AND ENGINEERING, INC.

This Plan of Liquidation and Dissolution (this "Plan"), dated July 2, 2014, is for the purpose of causing the full and complete liquidation and dissolution (the "Dissolution") of Refrigeration, Service and Engineering, Inc., a Pennsylvania corporation (the "Corporation"), pursuant to Section 1975 of the Pennsylvania Business Corporation Law, as amended (the "BCL"), any other applicable provision of the BCL, and Sections 331 and 336 of the Internal Revenue Code of 1986, as amended (the "Code").

1. **Board Approval of Plan.** Pursuant to Sections 1972 and Section 1974 of the BCL and a Unanimous Written Consent of the Board of Directors in Lieu of Meeting of the Corporation, dated July 2, 2014 and subject to approval of the Dissolution by the shareholders of the Corporation, the Board of Directors of the Corporation (the "Board") has adopted this Plan.

2. **Effective Date.** The effective date (the "Effective Date") of this Plan will be the date that the shareholders of the Corporation approve this Plan.

3. **Wind-Up of Business Activities.** The Corporation shall take the steps necessary to wind-up its business activities in an orderly process, including, but not limited to, fulfilling its obligations under existing contracts and warranties, disposing of assets and collecting receivables. The President of the Corporation shall have the power and authority to take the actions he deems necessary to wind-up the business affairs of the Corporation in a lawful and orderly manner, without further Board or shareholder approval.

4. **Articles of Dissolution; Tax Clearances.** In accordance with Section 1975 of the BCL, the Corporation will file the Articles of Dissolution of the Corporation with the Pennsylvania Secretary of State after the Corporation has fulfilled the other terms of this Plan. The Corporation will obtain and file all necessary tax clearances as required by applicable law in connection with the Dissolution.

5. **Liquidation Process.** The President of the Corporation is hereby appointed as the "Liquidating Agent". The Liquidating Agent shall have full power and authority to sell the assets and distribute the net proceeds of the Corporation in any lawful manner he deems appropriate, without further Board or shareholder approval.

    (a) *Assets.* The Corporation will use commercially reasonable efforts to collect, recover or liquidate (as applicable): (i) all outstanding accounts receivable, indebtedness or other amounts owed to the Corporation to the extent it determines that those items can be collected without unreasonable expense, (ii) all machinery, equipment and other

property owned by the Corporation or to which the Corporation has rights; and (iii) any other cash or non-cash assets owed to the Corporation.

(b) *Payment and other Obligations.* The Corporation will pay, or create reserves to pay, all obligations of the Corporation, including, by way of example and not of limitation, (i) all contingent, conditional or unmatured contractual, warranty and tax claims known to the Corporation (including all obligations owing to vendors, taxing authorities and employees (wages)); (ii) all fees of any other individuals or entities providing service to the Corporation in connection with this Plan, or who are retained on behalf of the Corporation in connection with this Plan; (iii) compensation for any claim against the Corporation which is the subject of a pending action, suit or proceeding to which the Corporation is a party; and (iv) sufficient to provide compensation for claims that have not been made known to the Corporation or that have not arisen but that, based on facts known to the Corporation, are likely to arise or to become known to the Corporation after the Effective Date. The Corporation will pay all such claims from the Corporation's assets as required by applicable law.

(c) *Insufficient Assets.* If the Corporation has insufficient assets to satisfy any obligations or claims, the Corporation will apply those fairly and equitably to pay those claims or obligations as far as those assets will go.

(d) *Distributions to Shareholders.* Any assets of the Corporation remaining after the payment of all claims or the provision for payment of all claims and obligations of the Corporation as provided in subsection (b) above will be distributed by the Liquidating Agent pro rata to the Corporation's shareholders. The type (cash or other assets), timing, and amounts of any such distributions will be made as the Board may determine in its absolute discretion.

6. **Cancellation of Capital Stock.** The distributions to shareholders pursuant to this Plan will be in complete redemption and cancellation of all of the outstanding shares of the capital stock of the Corporation. As a condition to payment of these distributions, the Board in its absolute discretion may require the shareholders to surrender their certificates evidencing their capital stock ownership to the Corporation or its agents for recording of such distributions on those certificates.

7. **Modification of Plan.** To the extent permitted by applicable law, the Board or the President may modify this Plan.

8. **Tax Matters.** The Corporation, the Board and its shareholders intend this Plan to be a plan of complete liquidation of the Corporation in accordance with the terms of Sections 331 and 336 of the Code. The Corporation is authorized to take all action that may be necessary to conform with the provisions of Sections 331 and 336 and the Code and the associated regulations.

## Exhibit 2

## Proposed Resolutions

## July 12, 2014 Special Meeting of the Shareholders
## of
## Refrigeration, Service and Engineering, Inc.

### Approval of Voluntary Dissolution of the Corporation

**WHEREAS,** prior to the date of this meeting, there were disputes between and among the shareholders of the Refrigeration, Service and Engineering, Inc., a Pennsylvania corporation (the "Corporation") Robert E. Hepp, Cynthia A. Fitzgerald-Hepp, Kenneth C. Philo, II and Thomas Spina;

**WHEREAS,** these shareholder disputes led to the investigation of a possible sale of the Corporation, as a result of which, the Board of Directors and the shareholders of the Corporation previously approved a sale of certain assets of the Corporation to Stellar Refrigeration Services, Inc. ("Stellar") under an Asset Purchase Agreement, dated June 4, 2014 (the "APA");

**WHEREAS,** since that approval, Thomas Spina a shareholder of the Corporation and former Officer initiated litigation against the Corporation, Robert E. Hepp, Cynthia A. Fitzgerald-Hepp and Kenneth C. Philo, II (the other shareholders of the Corporation) in the Court of Common Pleas, Montgomery County at docket number 2014 – 12128 (the "Montgomery County Action");

**WHEREAS,** since that approval, Thomas Spina, left the Corporation's employment, taking a position with a competitor to the Corporation, and has begun to solicit (i) customers of the Corporation to terminate their relationships with the Corporation and become customers of that competitor, and (ii) employees of the Corporation to terminate their employment with the Corporation and join that competitor;

**WHEREAS,** due to, *inter alia*, the Montgomery County Action, the previously approved APA deal to sell certain assets to Stellar has not closed;

**WHEREAS,** because of the actions of Thomas Spina, Stellar informed the Corporation that it would not close the APA deal unless each of the Corporation, Robert E. Hepp, Cynthia A. Fitzgerald-Hepp and Kenneth C. Philo, II, all jointly and severally, executed an open-ended, unlimited indemnification of Stellar for all losses and expenses (including attorneys fees) relating to any matter or thing whatsoever involving Thomas Spina, including indemnification for the Montgomery County Action, and any other claim or litigation brought by Thomas Spina;

**WHEREAS,** the Corporation, Robert E. Hepp, Cynthia A. Fitzgerald-Hepp and Kenneth C. Philo, II declined to provide such an open-ended unlimited indemnification of Stellar;

**WHEREAS**, the APA and the contemplated asset purchase transaction to Stellar have been terminated;

**WHEREAS**, Robert E. Hepp, Cynthia A. Fitzgerald-Hepp and Kenneth C. Philo, II, the remaining shareholder-employees of the Corporation, have advised the Corporation that in light of, *inter alia*, the Montgomery County Action and the claims asserted therein, and in light of Thomas Spina acting in his own self-interest by impermissibly making use of the Company's assets, its customer list and employee list; the lack of a long term plan for the Corporation; and the Corporation's current difficulties, they no longer desire to work for the Corporation;

**WHEREAS**, without Robert E. Hepp, Cynthia A. Fitzgerald-Hepp and Kenneth C. Philo, II working for the Corporation, the Corporation feels it is impracticable to continue the Corporation's business;

**WHEREAS**, insofar as the shareholder disputes have intensified into litigation, and as under the present circumstances none of the employee-shareholders are willing to continue working in the Corporation, the Board of Directors has unanimously proposed and recommended to the shareholders, the dissolution and winding up of the affairs of the Corporation pursuant to a Unanimous Written Consent of the Board of Directors of the Corporation, dated July 2, 2014 (collectively, the "Board Resolutions"). See 15 Pa.C.S.A. § 1975;

**WHEREAS**, in light of the determination to dissolve, the Board of Directors has expressed concern over the potential impact on, and the loss of jobs of, the Corporation's employees. The Board has directed the Corporation's officers to take such steps as will tend to minimize the disruption of their employment while allowing the Corporation to manage an orderly wind down;

**WHEREAS**, the Board of Directors has appointed Robert E. Hepp, the Corporation's President, as the officer to oversee the winding up of the Corporation's business. Robert E. Hepp is charged with as speedily as possible, proceeding to collect all sums due the Corporation, convert into cash all corporate assets the conversion of which into cash is required to discharge its liabilities and, out of the assets of the corporation, discharge or make adequate provision for the discharge of all liabilities of the corporation, according to their respective priorities. See 15 Pa.C.S.A. § 1975;

**WHEREAS**, after disposing of all corporate assets and converting them into cash, any surplus remaining after paying or providing for all liabilities of the Corporation shall be distributed to the shareholders according to their respective rights and preferences. See 15 Pa.C.S.A. § 1975;

**WHEREAS**, insofar as the APA deal has not closed and there has been no "plan of transfer" implemented in accordance with 15 Pa.C.S.A § 1932, and insofar as the Corporation has elected to dissolve and wind up its affairs, the Corporation considers and deems the prior dissenters' rights notice given pursuant to 15 Pa. C.S.A § 1574 and dated May 19, 2014, a nullity and of no further effect. See also 15 Pa.C.S.A § 1932(d)(2) (no dissenters rights in dissolution and winding up); and

**WHEREAS,** the Corporation has delivered to all of its shareholders a copy of the Board Resolutions and a Plan of Liquidation and Dissolution (the "Plan") for the Company adopted by the Board pursuant to the Board Resolutions;

**NOW, THEREFORE, BE IT RESOLVED,** that the shareholders of the Corporation (the "Shareholders") accept the proposal and recommendation contained in the Board Resolutions and approve the voluntary dissolution of the Company in accordance with 15 Pa.C.S.A. § 1975 (the "Dissolution").

**RESOLVED,** that the Shareholders approve and adopt the Plan in the form attached to this consent as Exhibit A, with such changes as the Board of Directors or, if designated by the Board, the President of the Company, deems necessary or desirable.

**RESOLVED,** that the Company, its Board of Directors and its President are authorized and directed to perform, or cause the Company to perform, its obligations under the Plan and the Pennsylvania Business Corporation Law, as amended, with respect to the Dissolution.

**RESOLVED,** that the President of the Company is authorized and directed to: (i) execute and file (at the appropriate time) the Articles of Dissolution on behalf of the Company with the Pennsylvania Secretary of State, and (ii) negotiate, execute, file and deliver all other agreements and documents; to take and cause to be taken all other actions deemed necessary or desirable by him and to incur such expenses, in the name and on behalf of the Company or otherwise, as he deems necessary or desirable in carrying out the purpose and intent of the foregoing resolutions.

## Exhibit A

# PLAN OF LIQUIDATION AND DISSOLUTION
# OF
# REFRIGERATION, SERVICE AND ENGINEERING, INC.

This Plan of Liquidation and Dissolution (this "Plan"), dated July 2, 2014, is for the purpose of causing the full and complete liquidation and dissolution (the "Dissolution") of Refrigeration, Service and Engineering, Inc., a Pennsylvania corporation (the "Corporation"), pursuant to Section 1975 of the Pennsylvania Business Corporation Law, as amended (the "BCL"), any other applicable provision of the BCL, and Sections 331 and 336 of the Internal Revenue Code of 1986, as amended (the "Code").

1. **Board Approval of Plan.** Pursuant to Sections 1972 and Section 1974 of the BCL and a Unanimous Written Consent of the Board of Directors in Lieu of Meeting of the Corporation, dated July 2, 2014 and subject to approval of the Dissolution by the shareholders of the Corporation, the Board of Directors of the Corporation (the "Board") has adopted this Plan.

2. **Effective Date.** The effective date (the "Effective Date") of this Plan will be the date that the shareholders of the Corporation approve this Plan.

3. **Wind-Up of Business Activities.** The Corporation shall take the steps necessary to wind-up its business activities in an orderly process, including, but not limited to, fulfilling its obligations under existing contracts and warranties, disposing of assets and collecting receivables. The President of the Corporation shall have the power and authority to take the actions he deems necessary to wind-up the business affairs of the Corporation in a lawful and orderly manner, without further Board or shareholder approval.

4. **Articles of Dissolution; Tax Clearances.** In accordance with Section 1975 of the BCL, the Corporation will file the Articles of Dissolution of the Corporation with the Pennsylvania Secretary of State after the Corporation has fulfilled the other terms of this Plan. The Corporation will obtain and file all necessary tax clearances as required by applicable law in connection with the Dissolution.

5. **Liquidation Process.** The President of the Corporation is hereby appointed as the "Liquidating Agent". The Liquidating Agent shall have full power and authority to sell the assets and distribute the net proceeds of the Corporation in any lawful manner he deems appropriate, without further Board or shareholder approval.

    (a) *Assets.* The Corporation will use commercially reasonable efforts to collect, recover or liquidate (as applicable): (i) all outstanding accounts receivable, indebtedness or other amounts owed to the Corporation to the extent it determines that those items can be collected without unreasonable expense, (ii) all machinery, equipment and other

A-1

property owned by the Corporation or to which the Corporation has rights; and (iii) any other cash or non-cash assets owed to the Corporation.

(b) *Payment and other Obligations.* The Corporation will pay, or create reserves to pay, all obligations of the Corporation, including, by way of example and not of limitation, (i) all contingent, conditional or unmatured contractual, warranty and tax claims known to the Corporation (including all obligations owing to vendors, taxing authorities and employees (wages)); (ii) all fees of any other individuals or entities providing service to the Corporation in connection with this Plan, or who are retained on behalf of the Corporation in connection with this Plan; (iii) compensation for any claim against the Corporation which is the subject of a pending action, suit or proceeding to which the Corporation is a party; and (iv) sufficient to provide compensation for claims that have not been made known to the Corporation or that have not arisen but that, based on facts known to the Corporation, are likely to arise or to become known to the Corporation after the Effective Date. The Corporation will pay all such claims from the Corporation's assets as required by applicable law.

(c) *Insufficient Assets.* If the Corporation has insufficient assets to satisfy any obligations or claims, the Corporation will apply those fairly and equitably to pay those claims or obligations as far as those assets will go.

(d) *Distributions to Shareholders.* Any assets of the Corporation remaining after the payment of all claims or the provision for payment of all claims and obligations of the Corporation as provided in subsection (b) above will be distributed by the Liquidating Agent pro rata to the Corporation's shareholders. The type (cash or other assets), timing, and amounts of any such distributions will be made as the Board may determine in its absolute discretion.

6. **Cancellation of Capital Stock.** The distributions to shareholders pursuant to this Plan will be in complete redemption and cancellation of all of the outstanding shares of the capital stock of the Corporation. As a condition to payment of these distributions, the Board in its absolute discretion may require the shareholders to surrender their certificates evidencing their capital stock ownership to the Corporation or its agents for recording of such distributions on those certificates.

7. **Modification of Plan.** To the extent permitted by applicable law, the Board or the President may modify this Plan.

8. **Tax Matters.** The Corporation, the Board and its shareholders intend this Plan to be a plan of complete liquidation of the Corporation in accordance with the terms of Sections 331 and 336 of the Code. The Corporation is authorized to take all action that may be necessary to conform with the provisions of Sections 331 and 336 and the Code and the associated regulations.