Counts Characterized as Derivative Shareholder Claims (Counts VII – XVIII)

1.    Pre-Litigation Requirements for Derivative Claims

Counts VII through XVIII have purportedly been brought as derivative claims. [7]

In *Cuker v. Mikalauskas*, 692 A.2d 1042 (Pa. 1997), the Pennsylvania Supreme Court explicitly adopted §§7.02-7.10 and 7.13 of the ALI, Principles of Corporate Governance ("ALI Principles"), with respect to shareholder derivative actions. These ALI Principles include the requirement that demand be made upon the Board before litigation is commenced:

§7.03    Exhaustion of Intracorporate Remedies: The Demand Rule

    (a)    Before commencing a derivative action, a holder or a director should be required to make a written demand upon the board of directors of the corporation, requesting it to prosecute the action or take suitable corrective measures, unless demand is excused under §7.03(b). The demand should give notice to the board, with reasonable specificity, of the essential facts relied upon to support each of the claims made therein.

    (b)    **Demand on the board should be excused only if the plaintiff makes a specific showing that irreparable injury to the corporation would otherwise result, and in such instances demand should be made promptly after commencement of the action.**

    (c)    Demand on shareholders should not be required.

    (d)    **Except as provided in §7.03(b), the court should dismiss a derivative action that is commenced prior to the response of the board or a committee thereof to the demand required by §7.03(a), unless the board or committee fails to respond within a reasonable time.** (Emphasis added.)

No demand was made by Spina as required by subsection (b), and the Complaint fails to allege facts which establish that "irreparable injury to the corporation" would have resulted if

---

[7] Counts VII through XIV fall under the heading "Derivative Shareholder Claims". In addition, Counts XV through XVIII are alleged to have been brought both derivatively and in Spina's individual capacity. *See* Complaint at ¶158. However, only Count VII specifically avers that it is being brought derivatively on behalf of the corporation. For purposes of this Motion, RSE presumes that it was Spina's intent to bring Counts VIII through XVIII derivatively as well.

Spina had complied with this demand requirement.  Nor has demand been made since the filing

of the Complaint, in violation of §7.03(b).  Having failed to comply with the ALI Principles,

pursuant to §7.03(d), the Court should dismiss Counts VII through XVIII.

2.      Pleading Requirements for Derivative Claims

Section 7.04 of the ALI Principles also set forth certain pleading requirements for

derivative actions:

§7.04   Pleading, Demand Rejection, Procedure, and Costs in a Derivative Action

The legal standards applicable to a derivative action should provide that:

(a)      Particularity; Demand Rejection

(1) In General:

The complaint shall plead with particularity facts that, if true, raise a significant prospect
that the transaction or conduct complained of did not meet the applicable requirements of
Parts IV (Duty of Care and the Business Judgment Rule), V (Duty of Fair Dealing), or VI
(Role of Directors and Shareholders in Transactions in Control and Tender Offers), in
light of any approvals of the transaction or conduct communicated to the plaintiff by the
corporation.

Spina's Complaint does not even attempt to meet the pleading requirements of §7.04 of

the ALI Principles as well.  Accordingly, pursuant to §7.04 of the ALI Principles, Counts VII

through XIV should be dismissed for failing to meet these pleading requirements as well.

J.      Count VII
        Unjust Enrichment

Count VII of the Complaint purports to allege a claim brought derivatively against the

Hepp Defendants for unjust enrichment.  The relevant allegations in this Count are:

124.    Plaintiff, derivatively on behalf of Defendant RSE (named as nominal
        Defendant, only, in Counts VII-XIV), seeks relief for the damages
        sustained, and to be sustained, by RSE as a result of the unlawful conduct
        of the Individual Defendants. The unlawful conduct alleged in this Count,
        and in Counts VIII-XIV, was committed by the Defendants named herein
        while they were controlling RSE, and RSE suffered harm and injury as a
        result.

125.    Defendants Robert Hepp, Cynthia Hepp and Philo have been unjustly
        enriched at RSE's expense as a result of their use of funds and property of
        RSE for personal, non-corporate expenditures.

126.    On all of the facts and circumstances, it would be inequitable for said
        Defendants to retain the benefits received from RSE.

Complaint at ¶¶124-126.

The elements of unjust enrichment are:

1)     benefits conferred on the defendant by the plaintiff;

2)     appreciation of such benefits by the defendant, and

3)     acceptance and retention of such benefits under such circumstances that it would
       be inequitable for defendant to retain the benefit without payment of value.

The most significant element of the doctrine is whether the enrichment of the defendant is *unjust*.

*Stoeckinger v. Presidential Fin. Corp. of Delaware Valley*, 948 A.2d 828, 833 (Pa. Super. 2008)

The allegations in Count VII, in conjunction with the allegations in the preceding 123

paragraphs of the Complaint, fail to identify what benefits were conferred upon the Individual

Defendants by RSE, what funds or property were used by the Individual Defendants for their

personal gain, and why the receipt of such benefits, funds or property was unjust.  The lack of

specificity for this Count (and every other Count) is astonishing.  Having failed to plead facts

which establish any element of unjust enrichment, Count VII must be dismissed.

K.     Count VIII
       Corporate Waste

Count VIII of the Complaint purports to allege a claim brought derivatively against the

Hepp and Cindy for corporate waste.  The relevant allegations in this Count are:

129.    Defendants Robert Hepp and Cynthia Hepp wasted corporate assets of RSE by
        diverting corporate property to personal use, as alleged herein.

130.    As a direct and proximate result of said unjust enrichment, Plaintiff suffered
        damages in an amount to be determined through appointment of a receiver,

completion or an accounting, and/or a trial on damages.

Assuming, *arguendo*, that Pennsylvania recognizes a common law cause of action for "corporate waste", the allegations in Count VIII, in conjunction with the allegations in the preceding 127 paragraphs of the Complaint, fail to set forth facts which establish such waste. The Complaint fails to identify what corporate funds or property were wasted or diverted by the Hepps for their personal use, and what damages were suffered by the corporation (or Spina) as a result of such waste.  Having failed to plead facts which establish any element of this cause of action, Count VII must be dismissed.

L.      Count IX
        *Ultra Vires* Undertakings

Count IX of the Complaint purports to allege a claim brought derivatively against Hepp, Philo and Cindy for "*ultra vires* conduct".  The relevant allegations in this Count are:

132.    Defendants Robert Hepp, Cynthia Hepp and Philo acted as directors and controlling shareholders *ultra vires*, without lawful authority or justification, in violation of the Pennsylvania Business Corporation Act and Pennsylvania common law, to the harm and detriment of RSE and Plaintiff.

133.    As a direct and proximate result of said *ultra vires* conduct, Plaintiff suffered damages in an amount to be determined through appointment of a receiver, completion or an accounting, and/or a trial on damages.

Pennsylvania does not recognize a common law cause of action for "*ultra vires* conduct". Such conduct is typically an element of some other legally recognized cause of action, such as breach of fiduciary duty.  Even if Pennsylvania countenanced a cause of action for "*ultra vires* conduct", the allegations in Count IX, in conjunction with the allegations in the preceding 130 paragraphs of the Complaint, fail to set forth facts which establish such conduct.

The Complaint fails to identify when or how the Individual Defendants acted as directors and controlling shareholders without lawful authority or justification, what actions they took

without lawful authority or justification, and how their unauthorized actions caused any damage to the corporation or Spina. Having failed to plead facts which establish any *ultra vires* conduct by the Defendants, Count IX must be dismissed.

M.   Count X
     Diversion and Usurpation of Corporate Opportunity

Count X of the Complaint purports to allege a claim brought derivatively against Hepp, Philo and Cindy for diverting corporate opportunities and corporate property for their personal use. The relevant allegations in this Count are:

> 135.   Defendants Robert Hepp, Cynthia Hepp, and Philo diverted corporate opportunities of RSE by diverting corporate property to personal use, as alleged herein.

> 136.   As a direct and proximate result of said diversions of corporate opportunities, Plaintiff suffered damages in an amount to be determined through appointment of a receiver, completion or an accounting, and/or a trial on damages.

Pennsylvania does not recognize a common law cause of action for "diversion or usurpation of corporate opportunity". Such conduct is typically an element of a cause of action legally recognized under Pennsylvania law, such as breach of fiduciary duty. *See Patient Transfer Systems, Inc., v. Patient Handling Solutions, Inc.,* 1999 U.S. Dist. LEXIS 1184 (E.D. Pa. 1999*).* Even if Pennsylvania countenanced a cause of action for diversion or usurpation of corporate opportunity, the allegations in Count X, in conjunction with the allegations in the preceding 133 paragraphs of the Complaint, fail to set forth facts which establish such conduct.

The Complaint fails to identify when or how the Individual Defendants diverted corporate opportunities or corporate property for their personal use, what the corporate opportunities or properties were, and how their actions caused any damage to the corporation or Spina. Having failed to plead facts which establish any diversion of corporate opportunities or property by the Defendants, Count X must be dismissed.

N.     Count XI
       <u>Self-Dealing</u>

Count XI of the Complaint purports to allege a claim brought derivatively against Hepp, Philo and Cindy for "self-dealing".  The relevant allegations in this Count are:

138.   Defendants Robert Hepp, Cynthia Hepp, and Philo engaged in unlawful self-dealing to the harm and detriment of RSE and Plaintiff, as alleged herein.

139.   As a direct and proximate result of said self-dealing, Plaintiff suffered damages in an amount to be determined through appointment of a receiver, completion or an accounting, and/or a trial on damages.

Pennsylvania does not recognize a common law cause of action for "self-dealing".  It is, at best, a descriptive term for conduct that may be an element of a cause of action legally recognized under Pennsylvania law, such as breach of fiduciary duty.  Even if Pennsylvania countenanced a cause of action for self-dealing, the allegations in Count XI, in conjunction with the allegations in the preceding 136 paragraphs of the Complaint, fail to set forth facts which establish such conduct.

The Complaint fails to identify when or how the Individual Defendants engaged in self-dealing to the harm and detriment of the corporation, and how such conduct caused harm to the corporation or Spina.  Having failed to plead facts which establish self-dealing, Count XI must be dismissed.

O.     Count XII
       <u>Breach of the Duty of Loyalty</u>

Count XII of the Complaint purports to allege a claim brought derivatively against Hepp, Philo and Cindy for breach of the duty of loyalty.  The relevant allegations in this Count are:

141.   Defendants Robert Hepp, Cynthia Hepp, and Philo breached their duties of loyalty as directors and controlling shareholders, owed to RSE and Plaintiff, as alleged herein.

142.   As a direct and proximate result of said breach of the duty of loyalty, Plaintiff

suffered damages in an amount to be determined through appointment of a receiver, completion or an accounting, and/or a trial on damages.

The duty of loyalty is a fiduciary duty. *See Sylvester v. Beck*, 178 A.2d 755, 757 (Pa. 1962). The Complaint fails to identify any conduct by the individual defendants that breached their fiduciary duty to the corporation or Spina. Voting in favor of the sale of assets to Stellar does not constitute a breach of a fiduciary duty.

Stated another way, under the Business Judgment Rule, it is "presumed" that a business decision by the Board of Directors was made:

> on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company. Absent an abuse of discretion, that judgment will be respected by the courts. The burden is on the party challenging the decision to establish facts regarding the presumption.

*Cuker v. Mikalauskas*, 692 A.2d 1042, 1045-46 (Pa. 1997)(quoting *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984)). The Complaint fails in its entirety to allege *any* facts which rebut that presumption.

Moreover, even if the mere voting for the asset sale to Stellar constituted a breach of a fiduciary duty, the transaction was never consummated due to Spina's filing of this Complaint and his service of the Demand for ESI upon Stellar. Since the Complaint fails to allege facts which establish any actual damage to the corporation or Spina caused by the Individual Defendants' vote of in favor of the transaction contemplated by the APA, Count XII must be dismissed.

P.     Count XIII
       Conflicts of Interest

Count XIII of the Complaint purports to allege a claim brought derivatively against Hepp, Philo and Cindy for "conflicts of interest". The relevant allegations in this Count are:

143.   Plaintiff incorporates by reference the allegations in paragraphs 1 through 142.

144.   Defendants Robert Hepp, Cynthia Hepp, and Philo were subject to actionable conflicts of interest, which they intentionally ignored, to the harm and detriment of RSE and Plaintiff, as alleged herein.

145.   As a direct and proximate result of said conflicts of interest, and said Defendants' disregard of same, Plaintiff suffered damages in an amount to be determined through appointment of a receiver, completion or an accounting, and/or a trial on damages.

Pennsylvania does not recognize a common law cause of action for "conflicts of interest". It is, at best, a descriptive term for conduct that may be an element of a cause of action legally recognized under Pennsylvania law, such as breach of fiduciary duty.

Even if Pennsylvania countenanced a cause of action for conflicts of interest, the allegations in Count XIII, in conjunction with the allegations in the preceding 142 paragraphs of the Complaint, fail to set forth facts which establish conflicts of interest, or any harm resulting from the conduct alleged in the Complaint.

The Complaint fails to identify what the conflicts of interest were, when and how they were intentionally ignored and by who, what harm resulted from the conflicts of interest to the corporation and/or Spina, and how the conflicts of interest caused such harm.  Accordingly, Count XIII must be dismissed.

Q.   Count XIV
     Conversion

Count XIV of the Complaint purports to allege a claim brought derivatively against Hepp and Cindy for conversion.  The relevant allegations in this Count are:

147.   Defendants Robert Hepp and Cynthia Hepp intentionally and unlawfully converted property of RSE to their own use and benefit, to the harm and detriment of RSE and Plaintiff, as alleged herein.

148.   As a direct and proximate result of said conversion, Plaintiff suffered damages in an amount to be determined through appointment of a receiver, completion or an accounting, and/or a trial on damages.

Complaint at ¶¶147-148.

Conversion is a tort by which the defendant deprives the plaintiff of its right to a chattel or interferes with the plaintiff's use or possession of a chattel, without the plaintiff's consent and without lawful justification. *Chrysler Credit Corporation v. Smith*, 434 Pa. Super. 429, 643 A.2d 1098, 1100 (Pa.Super. 1994), *appeal denied*, 539 Pa. 664, 652 A.2d 834 (1994).

The allegations in Count XIV, in conjunction with the allegations in the preceding 145 paragraphs of the Complaint, fail to set forth facts which establish conversion. The Complaint fails to identify the property allegedly converted by Hepp and Cindy, or why they were not entitled to the use and possession of the unidentified property. Nor does Spina allege any damage incurred by the corporation (or himself) due to the conversion of the unidentified property. Accordingly, Count XIV must be dismissed.

Claims Arising Out of the Prospective Sale of Assets to Stellar (Counts XV – XIX)

Counts XV through XIX fall under the heading of "Claims Arising Out of the Sale of Assets". These claims have been brought by Spina both derivatively and in his individual capacity.

Based on the heading of this portion of the Complaint -- Claims Arising Out of the Sale of Assets -- the actual sale of assets to Stellar is obviously a required element for each of these claims. Since the asset sale never took place due to the filing of this Complaint, these claims are moot. Therefore, Counts XV – XIX must be dismissed.

Nevertheless, since Spina has not voluntarily withdrawn these claims, the other inadequacies with the manner in which they have been pled will be addressed below.

R.      Count XV
        Breach of Fiduciary Duty

        Count XV of the Complaint purports to allege a claim against the Hepp, Philo and Cindy

for breach of fiduciary duty.  This Count alleges, at best, that the Individual Defendants owed

unspecified fiduciary duties to Spina, and that they breached such duties by voting in favor of the

APA.  *See* Complaint at ¶¶150-157.  The relevant allegations are:

> 152.    To the extent, if at all, that said fiduciary duties inhered from any Defendant's
>         ability to control RSE and its affairs, said duty arose out of (i) effective control, or
>         (ii) said Defendants' wrongful agreement to vote together to Plaintiff's prejudice,
>         thereby creating actual control.
>
> 153.    The Individual Defendants owed a fiduciary duty to Plaintiff to subordinate his or
>         her personal interests to the interests of all shareholders equally in connection
>         with the negotiation and execution of the [APA] and otherwise.
>
> 154.    The Individual Defendants breached said fiduciary duties.

Complaint at ¶¶152-154.

        To properly plead a claim for breach of fiduciary duty, a plaintiff must allege:

> 1)      that the defendant owed a recognized fiduciary duty to the plaintiff;
>
> 2)      that the defendant breached that duty; and
>
> 3)      that the breach caused damage to the plaintiff.

*Reading Radio, Inc. v. Fink*, 833 A.2d 199 (Pa. Super. 2003).  Spina has pled no facts which

fulfill the second and third elements of this cause of action.

        Assuming, *arguendo*, that the Individual Defendants had a fiduciary relationship with

Spina, any fiduciary duties owed to Spina did **not** include a duty to reject the APA.  Stated

another way, the fact that Spina did not want to sell assets to Stellar does not mean that the other

shareholders were legally required to agree with him.

        Spina has alleged nothing which establishes any impropriety or unfairness with the terms

of the APA.  The fact that Spina may have a different opinion than the rest of the shareholders as

to the value of the assets or the decision to sell the assets to Stellar does not, in and of itself, give rise to a cognizable claim for breach of fiduciary duty (or any other common law or statutory cause of action). More factual information must be pled to establish a duty to not vote for this deal. Therefore, Spina has failed to allege the existence of a recognized fiduciary duty to reject the APA, or any breach of such duty.

Spina has also failed to allege any damages arising from the breach of such duty, assuming that such duty exists under Pennsylvania law. Since the APA was never consummated due to Spina's interjection of this lawsuit, he cannot possibly prove any damages caused by voting in favor of a sale that never took place. Clearly, Count XV, along with all other claims based on the anticipated sale of assets to Stellar, are moot for that reason alone. Accordingly, Count XV must be dismissed.

S.     Count XVI
       Interested Director Transactions

Count XVI of the Complaint purports to allege a claim against the Hepp, Philo and Cindy for interested director transactions. The relevant allegations in this Count are:

160.   The Individual Defendants were directors having a separate and severable interest in the transaction when they voted to approve the [APA].

161.   The [APA] is and was unfair to RSE and to its shareholders.

162.   Said actions as directors violated fiduciary duties to RSE and to Plaintiff.

Complaint at ¶¶160-162.

There is no common law tort for "interested director transactions" recognized in Pennsylvania. To the extent that Count XVI is deemed to be an attempt to assert another cause of action (such as breach of fiduciary duty for voting to approve the APA), it fails for the same reasons as Count XV.

The Complaint fails to allege facts which establish that the individual defendants had a separate and severable interest in the APA transaction, that the APA was unfair to the corporation or to Spina, or that the corporation or Spina suffered any damage due to the execution of the APA.  In short, the fact that Spina voted against the APA does not provide him with a cognizable cause of action.  Moreover, since the APA was terminated due to Spina's filing of this lawsuit, any claim by Spina that he has been damaged by the APA is moot and meritless as a matter of law.  Accordingly, Count XVI must be dismissed.

T.      Count XVII
        Interested Shareholder Transactions

Count XVII of the Complaint purports to allege a claim against the Hepp, Philo and Cindy for interested shareholder transactions.  The relevant allegations in this Count are:

166.    The Individual Defendants were, collectively, controlling shareholders having a unique and severable interest in the transaction, different from the interests of an ordinary shareholder, when they voted to approve the [APA].

167.    The APA is and was unfair to RSE and to its minority shareholder, *i.e.*, to Plaintiff.

168.    Said actions as controlling shareholders violated fiduciary duties to RSE and to Plaintiff.

169.    The losses suffered by Plaintiff on his investment in RSE are losses and damage directly attributable to said violations of duty by the Individual Defendants.

Complaint at ¶¶166-169.

Count XVII should be dismissed for the same reasons as expressed above with regard to Counts XV and XVI.  There is no common law tort for "interested shareholder transactions" recognized in Pennsylvania, and the Complaint fails to allege facts which establish any legal impropriety with the APA.  Even if such facts were alleged, Spina killed the APA transaction. Accordingly, Count XVII must be dismissed.

U.   Count XVIII
     Minority Shareholder Oppression

Count XVIII of the Complaint purports to allege a claim against the Hepp, Philo and

Cindy for minority shareholder oppression.  The relevant allegations in this Count are:

173.   The actions of the Individual Defendants as controlling shareholders constituted
       unlawful oppression of a minority shareholder, as a matter of law.

174.   The losses suffered by Plaintiff on his investment in RSE are losses and damage
       directly attributable to said oppression by the Individual Defendants.

 Complaint at ¶¶173-174.

There is no common law tort for "shareholder oppression" recognized in Pennsylvania.

In the few cases that have discussed the term "shareholder oppression", it is discussed in the

context of analyzing the facts asserted in support of some other common law or statutory claim.

*See, e.g.,* discussion in *Del Borrello v. Del Borrello*, 2001 Pa. Dist. & Cnty. Dec. LEXIS 313; 62

Pa. D. & C.4th 417 (Phila. C.C.P. 2001).  In that regard, oppressive conduct is typically an

element of a legally recognized cause of action, such as breach of fiduciary duty or a statutory

claim for receivership.  Here, Spina asserts the conduct of "shareholder oppression" as a

cognizable cause of action in and of itself.  There is no such cause of action recognized in the

Commonwealth of Pennsylvania.

Moreover, in Count XVIII, Spina provides absolutely no information regarding the

conduct he deems to be oppressive.  Therefore, even if "shareholder oppression" was a

cognizable cause of action, Spina has failed to plead the elements of that purported claim.

In addition, Count XVIII has not been brought against the corporation (RSE); it has been

brought against the individual shareholders as "controlling shareholders".  There is no

cognizable cause of action in the Commonwealth of Pennsylvania for the common law tort of

"controlling shareholder oppression", pursuant to which an individual shareholder can be

assessed liability (as opposed to the corporation).

Finally, for the reasons expressed previously regarding the prior purported causes of action, the Complaint in its entirety fails to set forth with sufficient specificity any conduct by the Defendants that can be deemed to be oppressive. Accordingly, Count XVIII must be dismissed.

V.   Count XIX
     Anticipatory Breach and/or Repudiation of Contract

Count XIX of the Complaint purports to allege a claim against the Hepp Defendants for anticipatory breach and/or repudiation of contract. In this Count, the relevant allegations are:

178.   Plaintiff has fully complied with his obligations under the Notes, has made all payments when due, and has fulfilled all covenants contained in said Notes.

179.   To attempt to coerce Plaintiff into voting in favor of the Sale of Assets Agreement, the Hepp Defendants claimed, falsely, that Plaintiff had defaulted on the Notes, and threatened to confiscate Plaintiff's shares in RSE, pledged as security for repayment of the Notes, without Plaintiff's agreement or consent.

180.   Said threats were, and are, an anticipatory material breach of the Notes and Pledge Agreements.

Complaint at ¶¶178-179.

In *2401 Pennsylvania Avenue Corporation v. Federation of Jewish Agencies of Greater Philadelphia*, 507 Pa. 166,172, 489 A.2d 733, 736 (Pa. 1985), the Pennsylvania Supreme Court set forth the elements for a claim of anticipatory breach:

> [T]o constitute anticipatory breach under Pennsylvania law there must be "an **absolute and unequivocal refusal to perform or a distinct and positive statement of an inability to do so.**" *McClelland v. New Amsterdam Casualty Co., supra* 322 Pa. at 433, 185 A. 198 (emphasis added). The McClelland standard is still the rule of law in Pennsylvania. *See, William B. Tanner v. WIOO, Inc.*, 528 F.2d 262 (3d Cir.1975); *McCloskey v. Minweld Steel Co.*, 220 F.2d 101 (3d Cir.1955); *Alabama Football, Inc. v. Greenwood*, 452 F.Supp. 1191 (D.C.Pa.1978); *Wolgin v. Atlas United Financial Corp.*, 397 F.Supp. 1003 (E.D.Pa.1975), *aff'd. mem.*, 530 F.2d 966 (3d Cir.1976); *Shafer v. A.I.T.S., Inc.*, 285 Pa.Super. 490, 428 A.2d 152 (1981).

These allegations, taken as true, do not establish an "absolute an unequivocal refusal to perform or a distinct and positive statement of an inability to do so". The allegations are simply to vague to establish the major element for this tort; that being an "absolute an unequivocal refusal to perform". In short, like the preceding eighteen causes of action, Spina has failed to plead the elements for Count XIX with sufficient specificity. Accordingly, this Count must be dismissed.

Additional Claims

W.   Count XX
     Civil Conspiracy

Count XX of the Complaint purports to allege a claim against Hepp, Philo and Cindy for civil conspiracy. The elements of a claim for civil conspiracy are:

(1)   a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose,

(2)   an overt act done in pursuance of the common purpose, and

(3)   actual legal damage.

*Goldstein v. Phillip Morris, Inc.,* 854 A.2d 585, 590 (Pa. Super. 2004); *McGuire v. Shubert,* 722 A.2d 1087, 1092 (Pa. Super. 1998), *appeal denied,* 560 Pa. 707, 743 A.2d 921 (1999). In addition, "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." *McKeeman v. Corestates Bank, N.A.,* 751 A.2d 655, 660 (Pa. Super. 2000)(citing *Pelagatti v. Cohen,* 370 Pa. Super. 422, 536 A.2d 1337, 1342 (Pa. Super. 1987)).

This Count alleges, in relevant part, the following:

182.   There was a civil conspiracy among Defendants Robert Hepp, Cynthia Hepp, Philo and other persons to commit the torts, statutory torts, and civil wrongs to Plaintiff alleged hereinabove.

183.   Plaintiff, prior to the commission by said Defendants and others of the egregious unlawful acts herein set forth, and at all times relevant hereto, was innocent, unsophisticated and inexperienced as an investor, relying upon the purported expertise, reputation and representations and warranties of said Defendants and others.

184.   Defendants Hepp, Cynthia Hepp, Philo, and others, and each of them, acting in concert in the form of a conspiracy, maliciously intended to injure Plaintiff by causing Plaintiff's investments in RSE; in diverting and usurping corporate assets and opportunities of RSE; and in looting RSE for their personal gain.

185.   In pursuit of the foregoing illegal conspiracy as aforesaid, and in pursuit and execution of their conspiracy, Defendants Hepp, Cynthia Hepp, Philo and others concealed their misconduct and various material facts from Plaintiff.

*See* Complaint at ¶¶181-185.  By itself or in conjunction with the preceding 180 paragraphs of the Complaint, Count XX fails to establish a claim for civil conspiracy.

The Complaint fails to: identify the torts or wrongs applicable to this Count; specify how these defendants "caused" Spina to invest in IRSE; specify what assets or opportunities were diverted or usurped by these defendants; specify what was "looted" from RSE; or specify how and when these defendants concealed their alleged misconduct or concealed material facts from Spina.  Nor does the Complaint identify the material facts that were allegedly concealed from Spina.

In short, like the preceding nineteen Counts, Spina has failed to make a good faith attempt to plead the elements for Count XX.  Accordingly, Count XX must be dismissed.

X.   Count XXI
     Aiding and Abetting

The final cause of action is Count XXI, which purports to allege a claim against Hepp, Philo and Cindy for aiding and abetting.  While it is not entirely clear if Pennsylvania recognizes a cause of action for "aiding and abetting", those courts that have done so have concluded that in order to state such claim, the complaint must plead the elements of a claim for "concerted

action" as described in Section 876 of the Restatement of Torts, which are the following:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he:

> (a)   does a tortious act in concert with the other or pursuant to a common design with him, or

> (b)   knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or

> (c)   gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

*See Sovereign Bank v. Ganter*, 914 A.2d 415, 424 (Pa. Super. 2006) ("Section 876 of the Restatement (Second) of Torts addresses the tort of civil aiding and abetting, which is also known as concerted tortious conduct.").

A claim of concerted action cannot be established if the plaintiff is unable to identify the wrongdoer or the person who acted in concert with the wrongdoer, or otherwise fail to plead these elements. *See Burnside v. Abbott Laboratories*, 505 A.2d 973 (Pa. Super. 1985)*); Kline v. Ball*, 452 A.2d 727 (Pa. Super. 1982).

The sole allegation in this Count is:

> 189.   To the extent that it is determined at trial that any Defendants were not primarily responsible for the statutory and common law violations and breaches of duty alleged herein, then, alternatively, such Defendants are liable to plaintiff as aiders and abettors of the statutory and common law violations and reaches of duty set forth in the numbered Counts hereof.

By itself or in conjunction with the preceding 188 paragraphs of the Complaint, Count XXI fails to even attempt to satisfy the pleading requirements for aiding and abetting. Nowhere in the Complaint does Spina identify which wrongdoer acted in concert with which other wrongdoer. Nowhere in the Complaint does Spina identify the tortious acts that were done in concert and pursuant to a common design. Nowhere in the Complaint does Spina allege

knowledge on behalf of the aider and abettor that the conduct of any other person with whom he

acted in concert constitutes a breach of duty.  Nowhere in the Complaint does Spina allege that

the aider and abettor gave substantial assistance or encouragement to the other actor to act in a

tortious manner.

      In short, like the preceding twenty Counts, Spina has failed to make a good faith attempt

to plead the elements for Count XXI.  Accordingly, Count XXI must be dismissed.


                         **JACOBS LAW GROUP, PC**

Dated: July 18, 2014

                         Neal A Jacobs, Esq.  I.D. #41918
                         Richard E. Miller, Esq. I.D. #46451
                         2005 Market Street, Suite 1120
                         Philadelphia, Pa. 19103
                         Phone: (215) 569-9701

                         Attorneys for Refrigeration, Service and
                         Engineering, Inc.