## IN THE UNITED STATE DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS SPINA,  in his individual
capacity and derivatively,

          Plaintiff,

          vs.

REFRIGERATION SERVICE AND
ENGINEERING, INC.; ROBERT E.
HEPP III; CYNTHIA A. FITZGERALD-
HEPP, and KENNETH C. PHILO II,

          Defendants.

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION

NO. 2:14-cv-04230-RK

## PLAINTIFF'S MOTION TO ENFORCE RIGHTS UNDER SECTION 1508 OF THE PENNSYLVANIA BUSINESS CORPORATION LAW

Plaintiff Thomas A. Spina, through his undersigned counsel, makes the following Motion to Enforce Rights Under Section 1508 of the Pennsylvania Business Corporation Law, and in support thereof avers as follows:

1.   This is an action for breaches of statutory and common law duties arising out of the merger of Defendant Refrigeration, Service and Engineering, Inc. ("RSE") into Industrial Refrigeration & Engineering, Inc., the merger's aftermath and the oppressive campaign by Defendants to unlawfully convey the assets of Defendant RSE to Stellar Refrigeration Services, Inc. ("Stellar").

2.   By letter dated June 13, 2014, Plaintiff Thomas Spina, a 30% shareholder of RSE, demanded to exercise his right to inspect books and records of

RSE in accordance with the procedures of the Pennsylvania Businesss Corporation Law, 15 Pa.C.S. § 1101, et seq. (the "Pennsylvania BCL").  A copy of said letter (the "Demand Letter") is attached hereto as Exhibit A.

3.    Defendant RSE is a corporation organized and existing under the laws of Pennsylvania.

4.    The Demand Letter was served upon counsel for RSE on June 13, 2014. RSE, by a letter from its counsel dated June 20, 2014, acknowledged receipt of the Demand Letter.

5.    Mr. Spina set forth proper purposes for the demanded inspection, to wit:

1.    To determine the propriety, nature and extent of RSE expenditures since December 31, 2011 that impact my rights as a shareholder of RSE including, without limitation, the value of my interest in RSE and entitlement to any distributions of RSE's profits accruing since December 31, 2011;

2.    To determine the fair market value of my 30% shareholder interest in RSE;

3.    To determine the terms, conditions, fairness, propriety and validity of the Putative Stellar Transaction and its impact on my rights as a shareholder of RSE;

4.    To determine the scope and magnitude of any self-dealing, conflicts of interest, breaches of fiduciary duty, fraud, conversion and other misconduct engaged in by Robert Hepp, Cynthia Hepp and/or Kenneth Philo regarding RSE's operations and/or the Putative Stellar Transaction that impact or have impacted my rights as a shareholder of RSE including, without limitation, the value of my interest in RSE and entitlement to any distributions of RSE's profits since December 31, 2011; and

5.    Such other purposes within the purview of Section 1508 of the BCL and applicable law.

6.    By letter dated June 20, 2014, Richard E. Miller, counsel for RSE, informed Mr. Spina's counsel that RSE would "research" the bases for Mr. Spina's demand for inspection, and would provide an additional response later.  A copy of

Mr. Miller's letter is attached hereto as Exhibit B.  By email dated June 24, 2014, counsel for RSE informed counsel for Mr. Spina that no documents would be produced in response to the Demand Letter.  A copy of that email is attached hereto as Exhibit C.

7.   Section 1508(c) of the Pennsylvania BCL, 15 Pa.C.S. § 1508(c), provides in relevant part that where the corporation to which a demand for inspection has been made "refuses to permit an inspection sought by a shareholder or attorney or other agent acting for the shareholder . . . the shareholder may apply to the court for an order to compel the inspection."

8.   The documents identified in the Demand Letter which Mr. Spina seeks to inspect included the following:

1.  All original minutes, resolutions, notices, consents in writing, agendas, proposals or other documents relating to any special, regular or annual meeting of RSE's Board of Directors since December 31, 2011;

2.  All original minutes, resolutions, notices, consents in writing, agendas, proposals or other documents relating to any special, regular or annual meeting of RSE's Shareholders since December 31, 2011;

3.  The original by-laws of RSE and any amendment(s) thereto;

4.  RSE's Share Register;

5.  All documents that evidence or relate to RSE's evaluation, analysis or response to my offer to purchase RSE's assets for $500,000 pursuant to my counsel's letters to RSE's counsel dated May 14, 2014, May 16, 2014 and May 30, 2014;

6.  RSE's bank statements and cancelled checks since December 31, 2011;

7. Credit card statements since December 31, 2011 for accounts in the name of RSE, Robert Hepp II, Cynthia Hepp or Kenneth Philo for purchases of goods or services paid by RSE, either directly or through reimbursement;

8. Invoices, contracts, work orders or other documents (including, without limitation, cancelled checks and cred card statements) relating to any services provided by or materials purchased from Dellose Construction Services, Inc. on behalf of RSE or any of its shareholders;

9. Invoices, contracts or other documents (including, without limitation, cancelled checks, credit card statements and certificates of title) relating to (a) the purchase of a Lincoln automobile with RSE funds on or around April 11, 2014, and (b) the recent sale of RSE's blue Ford pickup truck.

10. Executed copies of that certain Asset Purchase Agreement ("Agreement") between RSE and Stellar Refrigeration Services, Inc. ("Putative Stellar Transaction"), together with (a) all exhibits to that Agreement; (b) all documents referenced in the Agreement for execution before, at or after the Closing under the Agreement; (c) all employment agreements, consulting agreements or other contracts either entered into or to be entered into by any RSE shareholder and Stellar Refrigeration Services, Inc. (or any affiliate thereof); (d) any other contracts arising out of or relating to the Agreement, or (e) any amendment(s) to the foregoing.

11. Copies of all Pennsylvania Exemption Certificates ("Exemption Certificates") delivered by RSE since January 1, 2012, to any person, on Form REV-1220 or otherwise; copies of documents identifying the persons or entities that received Exemption Certificates from RSE since January 1, 2012; and, as applicable, copies of applications for or grants of an Exemption Number by the Pennsylvania Department of Revenue for purposes of application of the Pennsylvania Sales Tax, 72 P.S. Sec. 7201, *et seq*.

12. Engagement letters or agreements with, and invoices or statements from, any law firm or lawyer where RSE has agreed to pay legal fees for any matter involving RSE and/or any of its shareholders since December 31, 2011, as permissibly redacted under any bona fide privilege.

13. All Records described in 1-8 above in existence since January 1, 2008 for the corporation formerly known as Industrial Refrigeration Services and Engineering, Inc. ("IRSE") prior to its merger into RSE on December 31, 2011, which Records RSE acquired by operation of law.

9.  The pendency of litigation does not limit or affect the right of any

shareholder of a Pennsylvania corporation to inspect documents maintained by the

corporation.  Said right of inspection is a substantive right conferred by statute, and unaffected by the pendency of litigation or the availability or unavailability of discovery during litigation.

10.   The automatic stay provisions of the Private Securities Litigation Reform Act, 15 U.S.C. § 77z-1(b)(1) (the "PSLRA") do not apply to the present application.  But in the event that a motion to dismiss Plaintiff's Amended Complaint[1] is filed before the Court decides the present Motion, and to the extent, if at all, the Court finds the automatic stay provision of the PSLRA to be applicable, Plaintiff asks that the present Motion be treated as a motion for relief from the automatic stay on the grounds of undue prejudice.

---

[1]  As Plaintiff advised the Court by letter dated July 29, 2014, Plaintiff has elected to file an Amended Complaint, as of right, pursuant to Fed. R. Civ. P. 15(a)(1)(B), and will do so on or before August 11, 2014.  Defendants' Motion to Dismiss, filed in response to the initial Complaint, is now moot.

WHEREFORE, Plaintiff respectfully prays that the Court enter an Order compelling Defendant RSE to permit the inspection of those records sought in Plaintiff's Demand Letter.  A proposed form of Order is submitted herewith.

Respectfully submitted,

LAW OFFICES OF HENRY IAN PASS

By: */s/ Henry I. Pass*
Henry I. Pass, PA Atty. I.D. #21437
Richard G. Tuttle, PA Atty. I.D. #28685
3 Bala Plaza East, Suite 700A
Bala Cynwyd, PA  19004
(610) 660-8001
(610) 660-8004 (fax)
E-mail:  hip@hipesq.com
        rtuttle@hipesq.com

Dated:  July 30, 2014                    *Attorneys for Plaintiff Thomas Spina*