IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS SPINA, in his individual capacity and derivatively, | : : : |
| Plaintiff, | : CIVIL ACTION : |
| vs. | : NO. 2:14-cv-04230-RK : |
| REFRIGERATION SERVICE AND ENGINEERING, INC.; ROBERT E. HEPP III; CYNTHIA A. FITZGERALD-HEPP, and KENNETH C. PHILO II, | : : : : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE RIGHTS UNDER SECTION 1508 OF THE PENNSYLVANIA BUSINESS CORPORATION LAW**

Plaintiff Thomas A. Spina, through his undersigned counsel, submits this Memorandum of Law in Support of Plaintiff's Motion to Enforce Rights Under Section 1508 of the Pennsylvania Business Corporation Law.

**FACTUAL BACKGROUND.**

Defendant Refrigeration Service and Engineering, Inc. ("RSE") is a Pennsylvania corporation. Plaintiff Thomas Spina is a 30% shareholder of RSE. On June 13, 2014, Mr. Spina made a written demand upon RSE to inspect certain books and records of the corporation. That demand was made pursuant to 15 Pa.C.S. § 1508(b), which provides, in relevant part, that "[e]very shareholder shall,

upon written verified demand stating the purpose thereof, have a right to examine . . . for any proper purpose, the share register, books and records of account, and records of the proceedings of the incorporators, shareholders and directors and to make copies or extracts therefrom. A proper purpose shall mean a purpose reasonably related to the interest of the person as a shareholder."

A copy of Mr. Spina's demand of June 13, 2014 (hereafter, the "Demand Letter") is attached as Exhibit A to the present Motion. The Demand Letters seeks inspection, *inter alia*, of (i) minutes and other records of the Board of Directors and meetings of shareholders, (ii) by-laws and share register, (iii) documents relating to RSE's response to Mr. Spina's offer to purchase the company's assets, (iv) bank statements and checks, (v) credit card statements for company purchases, (vi) documents relating to payments of company funds for the benefit of certain shareholders, including dealings with Dellose Construction Services (for work at the home of Defendants Robert Hepp and Cynthia Fitzgerald-Hepp), the purchase of a Lincoln automobile, and the use of RSE's Pennsylvania Sales Tax exemption, (vii) documents relating to the proposed sale of assets from RSE to Stellar Refrigeration Services, Inc., of Jacksonville, Florida ("Stellar"), (viii) engagement letters with corporate counsel (redacted for privilege), and (ix) similar documents for Industrial Refrigeration Services and Engineering, Inc., before its merger into RSE.

The Demand Letter also enumerates Mr. Spina's proper purposes for conducting the inspection, including, (i) determining the propriety of the expenditures of company funds affecting Mr. Spina's interest as a shareholder, including evaluating profits, (ii) determining the fair market value of Mr. Spina's 30% interest in RSE, (iii) determining the fairness, propriety and validity of the proposed transfer of assets from RSE to Stellar, and (iv) investigating self-dealing, conflicts of interest, breach of fiduciary duty, etc., that have affected the value of Mr. Spina's shares.

The Demand Letter was delivered before Plaintiff filed his Complaint in this case on June 19, 2014.[1]  Since the delivery of the Demand Letter, Defendant RSE, which is controlled by Defendants Robert Hepp, Cynthia Fitzgerald-Hepp, and Kenneth Philo, has refused to produce *any* documents in response.  A copy of RSE's responses to the demand, are attached as Exhibits B and C to the present Motion.

---

[1]  This lawsuit was commenced through the filing of a Writ of Summons on May 29, 2014, in the Court of Common Pleas of Montgomery County, Pennsylvania, to which a Rule to File a Complaint was filed on May 30, 2014.

**ARGUMENT.**

**A.      General Principles Governing Shareholders' Demands for Documents.**

Pennsylvania law, both statutory and decisional, requires stockholders' requests to inspect corporate documents to be disposed of summarily. *NVF Co. v. Sharon Steel Corp.*, 294 F. Supp. 1091, 1093 (W.D. Pa. 1969); *Ginsburg v. Redmond Finishing Co.*, 8 Pa. D.&C.3d 756, 757-58 (Monroe Co. 1978). The burden is upon the corporation to show why inspection should not be permitted. *Goldman v. Trans-United Industries, Inc.*, 171 A.2d 788, 790 (Pa. 1961).

The right of a shareholder to inspect the books and records of the corporation whose shares he owns is long-established, both at common law and in previous iterations of Pennsylvania's corporation laws. *Hagy v. Premier Mfg. Corp.*, 172 A.2d 283, 286 (Pa. 1961).

**B.      Plaintiff has articulated "proper purposes" for inspection.**

There is no dispute in this case that RSE negotiated, in principle, a sale of substantially all of its assets (excluding cash and accounts receivable) to Stellar for $475,000.00. It is and has been Plaintiff's contention that the Defendant controlling shareholders were essentially giving the assets of RSE away in exchange for favorable employment agreements with Stellar. Those employment

4

agreements remain particularly relevant now that RSE is liquidating,[2] and the shareholder Defendants' use of RSE's assets to enhance their compensation and benefits from Stellar has become a key determinant of Plaintiff's ability to ensure that he receives proper liquidation value for his shares.

One of Plaintiff's critical needs, in assessing the liquidation value of his 30% interest, and in monitoring the liquidation, is to review the financial records of RSE sought in his Demand Letter to (i) identify the remaining assets of the company (receivables, cash, leaseholds, marketable personal property), and (ii) to evaluate the actual, fair market value of those assets

It is well-established that a shareholder's desire to determine the value of his shares is a proper purpose for inspection. *Friedman v. Altoona Pipe & Steel Supply Co.*, 460 F.2d 1212, 1213 (3d Cir. 1972). A shareholder has the right to inspect the corporate "books or records of account," -- including cash receipts and disbursements, accounts receivable and payable ledgers, financial reports, checkbooks, books of original entry, bank reconciliations and Federal and State tax returns -- as long as the purpose of such inspection relates to such person's interest as a shareholder,. *Reilly v. Coppertech, Inc.*, 19 Pa. D. & C.3d 349, 351 (Lehigh

---

[2] By vote of the majority Defendant shareholders on July 12, 2014, and over Plaintiff's vote against the proposal, said Defendants have commenced the liquidation of RSE. Plaintiff has moved for Court supervision of that liquidation.

Co. 1981).  The financial records sought by Plaintiff all fall within those categories of records.

Moreover, the sale-of-assets agreement between RSE and Stellar is apparently not dead.  Both Stellar and RSE publicly announced the acquisition of RSE by Stellar, and neither company has retracted its announcement.  Indeed, Defendant Robert Hepp, in his new capacity as "General Manager, Stellar Northeast Division," sent various customers an announcement of the "merger" of RSE and Stellar on June 30, 2014.  Thus, Plaintiff's demand to review the documents evidencing that transaction clearly relate to Mr. Spina's interests as a 30% shareholder in RSE.

Additionally, a shareholder's desire to know whether the corporation is being properly managed and, in particular, whether corporate expenditures for such items as salaries and pensions conform with industry standards and are in the corporation's best interests, constitute a "proper purpose" for seeking access to corporation's records.  *Zerbey v. J.H. Zerbey Newspapers, Inc.*, 560 A.2d 191, 198 (Pa. Super. 1989).  Thus, Plaintiff's particularized demand to examine records of specific self-dealings by Defendants Robert Hepp and Cynthia Fitzgerald-Hepp (the home-improvement contract(s) with Dellose Construction, the purchase of a Lincoln automobile, use of RSE's sales tax exemption), falls plainly within the scope of his rights under Section 1508.

Finally, a stockholder may, under Section 1508, inspect records relating to sales or purchases of assets, books and records relating to attempts to compromise corporate tax liens, and books and records showing declaration and payment of dividends. *Ginsburg v. Redmond Finishing Co.*, *supra*, 8 Pa. D.&C.3d at 757-58. Plaintiff's demand to examine records concerning the proposed sale of assets, therefore, manifestly has a proper purpose.

**C.     Defendants' Reasons for Denying Inspection Are Groundless.**

Based upon their communications (Exhibits B and C to the present Motion) rejecting Plaintiff's demand for inspection, Plaintiff expects that Defendants will contend that Plaintiff's demand for documents – asserted before a Complaint was filed in this case – was made in contemplation of litigation.[3]  Although support for his claims in litigation was neither a stated purpose nor unstated reason for his demand for inspection, the "pending litigation" objection (if offered) will be an insufficient reason for refusal even if even Mr. Spina had entertained such a purpose when he delivered his Demand Letter.  See *Compaq Computer Corp. v.*

---

[3]  Once a shareholder has established a proper purpose, questions of a secondary motivation are irrelevant.  *Grimes v. DSC Communications Corp.*, 724 A.2d 561, 565 (Del. Ch. 1998).  Pennsylvania's shareholder inspection law, 15 Pa.C.S. §1508, is plainly modeled on Delaware's similar provision, codified at 8 Del. C. § 220.  Both laws permit inspection for any "proper purpose" "reasonably related" to an "interest as a shareholder [stockholder]."  Thus decisions from the Delaware courts are particularly persuasive authority in this context.

*Horton*, 631 A.2d 1, 2-5 (Del. 1993) (identifying shareholders who might wish to join litigation against the company is a "proper purpose" for inspection).

Indeed, the Delaware Chancery Court has commented with obvious approval on a shareholder's invocation of Section 220 of the Delaware General Corporation Law (Delaware's analog to 15 Pa.C.S. § 1508) *during litigation* to discover facts to include in an amended complaint.  See *In re Walt Disney Co. Derivative Litigation*, 825 A.2d 275, 279 (Del. Ch. 2003).

The same court ruled that the automatic stay provisions of the Private Securities Litigation Reform Act, 15 U.S.C. § 77z-1(b)(1) (the "PSLRA") were intended to apply to a shareholder's inspection demand, if at all, only to the extent that the inspection demand related to the shareholder's claims under federal securities laws.  *Cohen v. El Paso Corp.*, 2004 WL 2340046 *3 (Del. Ch. 2004). None of the documents sought in the Demand Letter relate to Plaintiff's pending securities claims (all of which currently relate to conduct by *individual* defendants in 2011), nor will such documents bear directly on the additional securities claims that Plaintiff intends to present by way of amendment to his Complaint.

In all events, were the stay provisions of the PSLRA construed to cut off Plaintiff's substantive state-law rights, as a shareholder, to pursue a demand for documents that was made before his federal claims were ever asserted in a complaint, the result would be "undue prejudice" to Plaintiff's rights under state

law.  In the event that a motion to dismiss Plaintiff's Amended Complaint[4] is filed before the Court decides the present Motion, and to the extent, if at all, the Court finds the "stay" provisions of the PSLRA to be applicable, Plaintiff asks that the present Motion be treated as a motion for relief from the automatic stay on grounds of undue prejudice.

---

[4]  As Plaintiff advised the Court by letter dated July 29, 2014, Plaintiff has elected to file an Amended Complaint, as of right, pursuant to Fed. R. Civ. P. 15(a)(1)(B), and will do so on or before August 11, 2014.  Defendants' Motion to Dismiss, filed in response to the initial Complaint, is now moot.

**CONCLUSION.**

For the foregoing reasons, and for the reasons set forth in the accompanying Motion to Enforce Rights Under Section 1508 of the Pennsylvania Business Corporation Law, Plaintiff respectfully request that the Court enter an Order, in the form attached to Plaintiff's Motion, compelling Defendant RSE to permit the inspection of those records sought in Plaintiff's Demand Letter.

Respectfully submitted,

LAW OFFICES OF HENRY IAN PASS

By: */s/ Henry I. Pass*
Henry I. Pass, PA Atty. I.D. #21437
Richard G. Tuttle, PA Atty. I.D. #28685
3 Bala Plaza East, Suite 700A
Bala Cynwyd, PA  19004
(610) 660-8001
(610) 660-8004 (fax)
E-mail:  hip@hipesq.com
rtuttle@hipesq.com

Dated:  July 30, 2014                    *Attorneys for Plaintiff Thomas Spina*