# Exhibit A

LAW OFFICES

# HENRY IAN PASS

SUITE 700A
3 BALA PLAZA EAST
BALA CYNWYD, PA 19004-3492
(610) 660-8001 • FAX (610) 660-8004

ADMITTED TO PRACTICE IN
PENNSYLVANIA AND MASSACHUSETTS

E-MAIL: hip@hipesq.com
WEBSITE: www.hipesq.com

June 9, 2014

*VIA E-MAIL, FAX & CERTIFIED*
*MAIL – RETURN RECEIPT REQUESTED*

Richard E. Miller, Esq.
Jacobs Law Group P.C.
One Commerce Square
2005 Market Street, Suite 1120
Philadelphia, PA 19103
E-mail: rmiller@jacobslawpc.com

Joseph K. Koury, Esq.
O'Donnell, Weiss & Mattei, P.C.
41 East High Street
Pottstown, PA 19464-5426
E-mail: jkkoury@owmlaw.com

Re: Notice of Tom Spina's Demand to Inspect RSE Records Pursuant to Section 1508 of the Business Corporation Law of 1988, as Amended ("Demand")

Dear Counsel:

I have enclosed the above-referenced Demand which, pursuant to Section 1508 of the BCL, necessitates a response within five (5) business days.

Sincerely,

Henry I. Pass

HIP:smr
Enclosure
cc: Thomas Spina (via email)

DESIGNATED A *PENNSYLVANIA SECURITIES LITIGATION SUPER LAWYER (2004-2014)* AND A *NATIONAL SECURITIES LITIGATION SUPER LAWYER (2009-2014)* BY *LAW & POLITICS* AND *PHILADELPHIA MAGAZINES*

**NOTICE ("NOTICE") TO REFRIGERATION, SERVICE AND ENGINEERING, INC.
PURSUANT TO SECTION 1508 OF THE PENNSYLVANIA BUSINESS CORPORATION
LAW OF 1988, AS AMENDED ("BCL"), TO INSPECT THE SHARE REGISTER, BOOKS AND
RECORDS, BY-LAWS, AND MINUTES OF THE PROCEEDINGS OF THE INCORPORATORS,
SHAREHOLDERS AND DIRECTORS (COLLECTIVELY, THE "RECORDS")**

I, Thomas Spina, owner of 30% of the issued and outstanding capital stock of Refrigeration, Service and Engineering, Inc. ("RSE"), hereby demand to inspect, on or before June 25, 2014, all of the Records of RSE, as listed below:

1. All original minutes, resolutions, notices, consents in writing, agendas, proposals or other documents relating to any special, regular or annual meeting of RSE's Board of Directors since December 31, 2011;

2. All original minutes, resolutions, notices, consents in writing, agendas, proposals or other documents relating to any special, regular or annual meeting of RSE's Shareholders since December 31, 2011;

3. The original by-laws of RSE and any amendment(s) thereto;

4. RSE's Share Register;

5. All documents that evidence or relate to RSE's evaluation, analysis or response to my offer to purchase RSE's assets for $500,00 pursuant to my counsel's letters to RSE's counsel dated May 14, 2014, May 16, 2014 and May 30, 2014;

6. RSE's bank statements and cancelled checks since December 31, 2011;

7. Credit card statements since December 31, 2011 for accounts in the name of RSE, Robert Hepp II, Cynthia Hepp or Kenneth Philo for purchases of goods or services paid by RSE, either directly or through reimbursement;

8. Invoices, contracts, work orders or other documents (including, without limitation, cancelled checks and cred card statements) relating to any services provided by or materials purchased from Dellose Construction Services, Inc. on behalf of RSE or any of its shareholders;

9. Invoices, contracts or other documents (including, without limitation, cancelled checks, credit card statements and certificates of title) relating to (a) the purchase of a Lincoln automobile with RSE funds on or around April 11, 2014, and (b) the recent sale of RSE's blue Ford pickup truck.

10. Executed copies of that certain Asset Purchase Agreement ("Agreement") between RSE and Stellar Refrigeration Services, Inc. ("Putative Stellar Transaction"), together with (a)

all exhibits to that Agreement; (b) all documents referenced in the Agreement for execution before, at or after the Closing under the Agreement; (c) all employment agreements, consulting agreements or other contracts either entered into or to be entered into by any RSE shareholder and Stellar Refrigeration Services, Inc. (or any affiliate thereof); (d) any other contracts arising out of or relating to the Agreement, or (e) any amendment(s) to the foregoing.

11. Copies of all Pennsylvania Exemption Certificates ("Exemption Certificates") delivered by RSE since January 1, 2012, to any person, on Form REV-1220 or otherwise; copies of documents identifying the persons or entities that received Exemption Certificates from RSE since January 1, 2012; and, as applicable, copies of applications for or grants of an Exemption Number by the Pennsylvania Department of Revenue for purposes of application of the Pennsylvania Sales Tax, 72 P.S. Sec. 7201, *et seq.*

12. Engagement letters or agreements with, and invoices or statements from, any law firm or lawyer where RSE has agreed to pay legal fees for any matter involving RSE and/or any of its shareholders since December 31, 2011, as permissibly redacted under any bona fide privilege.

13. All Records described in 1-8 above in existence since January 1, 2008 for the corporation formerly known as Industrial Refrigeration Services and Engineering, Inc. ("IRSE") prior to its merger into RSE on December 31, 2011, which Records RSE acquired by operation of law.

The purposes of the above demand for inspection are as follows:

1. To determine the propriety, nature and extent of RSE expenditures since December 31, 2011 that impact my rights as a shareholder of RSE including, without limitation, the value of my interest in RSE and entitlement to any distributions of RSE's profits accruing since December 31, 2011;

2. To determine the fair market value of my 30% shareholder interest in RSE;

3. To determine the terms, conditions, fairness, propriety and validity of the Putative Stellar Transaction and its impact on my rights as a shareholder of RSE;

4. To determine the scope and magnitude of any self-dealing, conflicts of interest, breaches of fiduciary duty, fraud, conversion and other misconduct engaged in by Robert Hepp, Cynthia Hepp and/or Kenneth Philo regarding RSE's operations and/or the Putative Stellar Transaction that impact or have impacted my rights as a shareholder of RSE including, without limitation, the value of my interest in RSE and entitlement to any distributions of RSE's profits since December 31, 2011; and

5. Such other purposes within the purview of Section 1508 of the BCL and applicable law.

3

I request that the Records be examined and copies be made available to me in the same format (e.g., hard copy or electronically stored files) that the Company uses to maintain the Records.

A written reply to this demand must be made within five business days from the date of this Notice. If the Company in good faith disputes my right to any of the items requested, I demand that all items the Company believes in good faith that I am entitled to inspect be made available to me in the format available within such five-business-day period, and that you provide a detailed written explanation about your failure to supply any items requested.

I hereby grant a power of attorney to and appoint Henry I. Pass, Esquire for purposes of assisting me as my lawful attorney-in-fact, to examine, and to make copies of all Records of RSE identified in this Notice, with the full rights of the undersigned, and ratify and confirm all that my said attorney-in-fact shall do, or cause to be done, by virtue of this power of attorney.

Please advise Henry I. Pass, Esq. by e-mail (hip@hipesq.com) of the time, date (which date must be on or before June 25, 2014) and place where and when the Records will be made available for inspection and copying. In the absence of my receipt of the foregoing information within five (5) business days from the date of this Notice, the inspection will be conducted at 1:00 p.m. on June 25, 2014 at RSE's offices located at 75 Industrial Parkway, Pottstown, PA 19464.

I hereby acknowledge that this demand for inspection, and my appointment of Henry I. Pass, Esq. as attorney-in-fact, is verified and is made subject to the penalties of 18 Pa.C.S. §4904 (relating to unsworn falsification to authorities).

_____
Thomas Spina
Date: June 13, 2014