# Exhibit B

Jacobs Law Group, PC
One Commerce Square
2005 Market Street, Suite 1120
Philadelphia, PA 19103
phone: 215-569-9701
fax: 215-569-9788
www.jacobslawpc.com

# Jacobs Law Group PC

**NEAL A. JACOBS** *
Managing Attorney
Principal

**MATTHEW A. COLE** *†
Corporate
Department Chair

**SAMUEL M. FIRST** *
Labor and Employment
Department Chair

**GENE M. LINKMEYER**
Litigation
Department Chair

Joshua A. Gelman *
Heather A. Herrington
Richard E. Miller *
Jonathan T. Sacks *
Christopher D. Wagner

* ALSO ADMITTED IN NJ
† ALSO ADMITTED IN NY

June 20, 2014

Via Email (hip@hipesq.com)
Henry I. Pass, Esq.
Suite 700A
3 Bala Plaza East
Bala Cynwyd, PA  19004-3492

    Re:    **Thomas Spina - Request to Inspect Records of Refrigeration Service and Engineering**

Dear Mr. Pass:

    This will acknowledge receipt of your letter dated June 9, 2014, and the enclosed Notice of Mr. Spina's request to inspect corporate records of Refrigeration Service and Engineering ("RSE" or the "Corporation"). I will note for the record that your cover letter and the enclosed Notice were not sent to us until June 13, 2014.

    It is my understanding that Joe Koury has previously provided you with the following: Articles of Incorporation, as amended; the Bylaws; the Stock Purchase and Sale Agreement, Plan of Merger and ancillary documents regarding the merger of RSE and Industrial Refrigeration & Engineering, Inc.; the Articles of Merger; the fictitious name registrations; and the share certificates for each of the four shareholders. Please confirm that you have these documents.

    In addition, the Complaint you provided to us late yesterday has various corporate documents attached as exhibits; specifically, the Haas valuation, the Stock Pledge Agreements, the Asset Purchase Agreement with Stellar, and your letter of May 19th. Therefore, I trust your demand for inspection does not apply to those documents.

**JACOBS LAW GROUP, PC**

Henry I. Pass, Esq.
June 20, 2014
Page 2


It has recently come to our attention that Mr. Spina is employed by Refrigeration Design & Service Inc. ("RDS"). Under normal circumstances, employment with a competing business would require, at a minimum, a confidentiality agreement before any additional documentation could be provided to you or Mr. Spina.

Unfortunately, we are not operating under normal circumstances. In light of Complaint that Mr. Spina filed against the Corporation this morning, it appears that the true purpose in demanding to inspect the Corporation's records is to obtain discovery for that lawsuit, outside of the applicable rules of discovery. I have reservations as to whether this constitutes a "proper purpose" under the statute. Accordingly, I will have to research this issue and get back to you regarding what records the Corporation will allow Mr. Spina to inspect at this time.

                              Very truly yours,

                              RICHARD E. MILLER