# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Spina, : | |
| : | |
| Plaintiff, : | No. 14-cv-04230 |
| : | |
| v. : | |
| : | |
| Refrigeration Service and Engineering, : | |
| Inc., et al., : | |
| : | |
| Defendants. : | |

## VERIFICATION OF ROBERT E. HEPP, III

1.      I am a shareholder, director and officer of Refrigeration Service and Engineering,

Inc. ("RSE" or the "Corporation"), and have personal knowledge of the facts set forth in this

verification.

2.      Pursuant to promissory notes signed Thomas Spina for the purchase of RSE stock

from my wife (Cindy Fitzgerald-Hepp) and myself, Mr. Spina was required to pay us a minimum

of $55,000 in principal in 2012 (the "2012 Annual Principal Payment").

3.      In 2012, Mr. Spina requested the other shareholders of RSE (Ken Philo, Cindy

and I) to agree to allow the Corporation to pay for part of his 2012 Annual Principal Payment by

paying a personal obligation of ours, and crediting that payment toward his 2012 Payment.  More

specifically, Mr. Spina requested that certain contract work being done for us by a company

called Dellose Construction ("Dellose"), be paid by RSE and credited to his 2012 Annual

Principal Payment.

4.      The other three shareholders agreed to this request as an accommodation to Mr.

Spina.

5.      As a result, $36,600 was paid by RSE to Dellose for this work (the "2012 Dellose Payment"), and Spina's 2012 Annual Principal Payment was credited for that $36,600 payment.

6.      This payment was made with the knowledge and approval of all of the shareholders of RSE.

7.      Mr. Spina has previously been provided with a receipt which evidences the credit he received for the 2012 Dellose Payment.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: August 12, 2014

ROBERT E. HEPP, III

# EXHIBIT "B"

**Jacobs   Law   Group   PC**

Jacobs Law Group, PC
One Commerce Square
2005 Market Street, Suite 1120
Philadelphia, PA 19103
phone: 215-569-9701
fax: 215-569-9788
www.jacobslawpc.com

NEAL A. JACOBS *
Managing Attorney
Principal

MATTHEW A. COLE *†
Corporate
Department Chair

SAMUEL M. FIRST *
Labor and Employment
Department Chair

GENE M. LINKHEYER
Litigation
Department Chair

Joshua A. Gelman *
Heather A. Herrington
Richard E. Miller *
Jonathan T. Sacks *
Christopher D. Wagner

* ALSO ADMITTED IN NJ
† ALSO ADMITTED IN NY

June 20, 2014

Via Email (hip@hipesq.com)
Henry I. Pass, Esq.
Suite 700A
3 Bala Plaza East
Bala Cynwyd, PA  19004-3492

Re:   Thomas Spina - Request to Inspect Records of Refrigeration Service and
        Engineering

Dear Mr. Pass:

This will acknowledge receipt of your letter dated June 9, 2014, and the enclosed Notice of Mr. Spina's request to inspect corporate records of Refrigeration Service and Engineering ("RSE" or the "Corporation").  I will note for the record that your cover letter and the enclosed Notice were not sent to us until June 13, 2014.

It is my understanding that Joe Koury has previously provided you with the following: Articles of Incorporation, as amended; the Bylaws; the Stock Purchase and Sale Agreement, Plan of Merger and ancillary documents regarding the merger of RSE and Industrial Refrigeration & Engineering, Inc.; the Articles of Merger; the fictitious name registrations; and the share certificates for each of the four shareholders.  Please confirm that you have these documents.

In addition, the Complaint you provided to us late yesterday has various corporate documents attached as exhibits; specifically, the Haas valuation, the Stock Pledge Agreements, the Asset Purchase Agreement with Stellar, and your letter of May 19th.  Therefore, I trust your demand for inspection does not apply to those documents.

**JACOBS LAW GROUP, PC**

Henry I. Pass, Esq.
June 20, 2014
Page 2

It has recently come to our attention that Mr. Spina is employed by Refrigeration Design & Service Inc. ("RDS"). Under normal circumstances, employment with a competing business would require, at a minimum, a confidentiality agreement before any additional documentation could be provided to you or Mr. Spina.

Unfortunately, we are not operating under normal circumstances. In light of Complaint that Mr. Spina filed against the Corporation this morning, it appears that the true purpose in demanding to inspect the Corporation's records is to obtain discovery for that lawsuit, outside of the applicable rules of discovery. I have reservations as to whether this constitutes a "proper purpose" under the statute. Accordingly, I will have to research this issue and get back to you regarding what records the Corporation will allow Mr. Spina to inspect at this time.

Very truly yours,

RICHARD E. MILLER

# EXHIBIT "C"

LAW OFFICES

# HENRY IAN PASS

SUITE 700A
3 BALA PLAZA EAST
BALA CYNWYD, PA 19004-3492
(610) 660-8001 • FAX (610) 660-8004

ADMITTED TO PRACTICE IN
PENNSYLVANIA AND MASSACHUSETTS

E-MAIL: hip@hipesq.com
WEBSITE: www.hipesq.com

May 14, 2014

*VIA E-MAIL AND OVERNIGHT COURIER*

Joseph K. Koury, Esq.
Gary Stein, Esq.
O'Donnell, Weiss & Mattei, P.C.
41 East High Street
Pottstown, PA 19464-5426
E-mail: jkkoury@owmlaw.com
        gstein@owmlaw.com

Re:   Refrigeration, Service and Engineering, Inc./Tom Spina

Dear Counsel:

I am writing on behalf of Tom Spina, in both his individual capacity and derivatively, as a follow up to our telephone conversation of May 13, 2014 and our previous communications. During our telephone conversation on May 13th, I advised you that I intended to formally address in writing certain issues necessitating a record in the absence of RSE's withdrawal today of the putative Notice of Special Meeting of Shareholders dated May 8, 2014 ("Putative Notice"). As you have not advised me of the withdrawal, this letter is being sent to apprise you and RSE of the following.

First, Mr. Spina objects to the Putative Notice and any attempt to hold the unlawful meeting within its purported purview due to, *inter alia*, the following deficiencies:

(i)     The Putative Notice purports to notify RSE's shareholders of a meeting being held at the behest of the RSE Board of Directors, despite there being no record of either a notice or holding of the purported board meeting authorizing the Putative Notice and putative meeting.

(ii)    The purported Board authorization for a special shareholders meeting is from an unlawfully composed Board of Directors excluding Tom Spina that was neither lawfully elected nor authorized to act under applicable law, including, without limitation, Section 1758 of the BCL.

(iii)   The delivery of the Putative Notice and the location of the putative meeting violate applicable law.

*DESIGNATED A PENNSYLVANIA SECURITIES LITIGATION SUPER LAWYER (2004-2014) AND A NATIONAL
SECURITIES LITIGATION SUPER LAWYER (2009-2014) BY LAW & POLITICS AND PHILADELPHIA MAGAZINES*

# EXHIBIT "D"

John A. Koury, Jr.
Richard D. Linderman
David S. Kaplan
Henry T. Zale
David A. Megay [1]
Gary L. Stein [2]
Ryan A. Costello
Kathleen M. Martin, CELA [3,5]
James C. Kovaleski [4,5]
Jamie V. Ottaviano
Joseph K. Koury [4]
Victoria S. Hollister
Michael B. Murray, Jr. [6]
Rebecca A. Hobbs [6]

[1] *Member, Colorado Bar*
[2] *Member, California Bar*
[3] *Certified as an Elder Law Attorney by the National Elder Law*
    *Foundation as authorized by the Pennsylvania Supreme Court*
[4] *LL.M. in Taxation*
[5] *Member, National Assoc. of Elder Law Attorneys*
[6] *Member, New Jersey Bar*

# O·W·M
## LAW

O'Donnell, Weiss & Mattei, P.C.

*Wm. A. O'Donnell, Jr. (1914-1971)*
*Emidio J. Mattei (1924-1981)*
*Alvin L. Weiss (Retired)*

POTTSTOWN OFFICE

41 East High Street
Pottstown, PA 19464-5426
Tel: 610.323.2800
Fax: 610.323.2845

PHOENIXVILLE OFFICE

347 Bridge Street, Suite 200
Phoenixville, PA 19460
Tel: 610.917.9347
Fax: 610.917.9348

*PLEASE REPLY TO POTTSTOWN OFFICE

Email: jkkoury@owmlaw.com
Website: www.owmlaw.com

May 15, 2014

**VIA EMAIL ONLY (hip@hipesq.com)**
Henry I. Pass, Esq.
Law Offices of Henry I. Pass
3 Bala Plaza East, Suite 700A
Bala Cynwyd, PA 19004

### Re: *Refrigeration, Service and Engineering, Inc.| Tom Spina*

Dear Mr. Pass:

This will acknowledge receipt of your letter of May 14, 2014, setting forth the offer of Tom Spina to purchase the assets of Refrigeration, Service and Engineering, Inc. ("RSE"). I circulated the letter to RSE's Board of Directors, and they have requested that I respond with the following requests for clarification:

- The source of funding of Mr. Spina's offer, particularly any third parties that may be involved;
- Confirmation that RSE accounts receivable are included as assets being purchased (i.e., accounts receivable are not excluded assets);
- The proposed method by which Mr. Spina will continue to utilize the name "engineering" and/or provide professional engineering services following sale;
- The proposed retention of current non-shareholder RSE employees following sale;
- The specific "ancillary documents" contemplated as part of the Asset Purchase Agreement you reference as a condition of Closing, particularly any post-Closing employment or consulting agreements which might be offered to current Board members, and specifically whether restrictive covenants of any kind would be imposed, regardless of employment or consulting offers.

Your written response to these requests by close of business tomorrow is requested.

Kindly be advised that the Special Meeting of Shareholders will proceed on May 19, 2014 at 4:00 p.m. as previously noticed. The Board will have previously considered the offer of Mr. Spina as augmented by this additional requested information, as well as the offer currently pending with Stellar Refrigeration Services, Inc., and will be prepared to make a recommendation to the shareholders at the meeting. Thank you.

Very truly yours,

Joseph K. Koury, Esquire
FOR:   **O'DONNELL, WEISS & MATTEI, P.C.**

cc:   Robert E. Hepp, III, President and Chair (by email)
      Gary L. Stein, Esq. (by email)

*YOUR LIFE. YOUR BUSINESS. YOUR LAW FIRM.*