IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS SPINA, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 14-4230 |
| | : | |
| REFRIGERATION, SERVICE AND ENGINEERING, INC., et al., | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                            **SEPTEMBER 17, 2014**

Presently before this Court is Plaintiff, Thomas Spina's, "Motion for Judicial Supervision of Dissolution, or, in the Alternative, Appointment of a Receiver or Custodian," and Defendants, Refrigeration Service and Engineering, Inc., Robert E. Hepp, Cynthia Fitzgerald-Hepp, and Kenneth Philo's Response in Opposition. For the reasons set forth below, Plaintiff's Motion is denied.

### I.    BACKGROUND

The sole focus of this Memorandum Opinion is on the dissolution of Defendant, Refrigeration, Service and Engineering, Inc. ("RSE"),[1] and whether judicial action is necessary to protect Plaintiff's shareholder interests in RSE (i.e. a fair share of the net proceeds). However, in order to properly adjudicate this issue, a general understanding of the overall litigation is necessary. In this action, Plaintiff, Thomas Spina ("Plaintiff"), alleges twenty one (21) counts for breaches of statutory and common law duties against Defendants, RSE, Robert E. Hepp

---

[1] Defendant RSE is a corporation with its principal place of business in Pottstown, Pennsylvania. Am. Compl. ¶ 2.

("Hepp"), Cynthia A. Fitzgerald-Hepp ("Fitzgerald-Hepp"), and Kenneth C. Philo ("Philo")(collectively, "Defendants"). Am. Compl. The catalyst for Plaintiff's claims is a merger agreement entered into between Industrial Refrigeration and Engineering, Inc. ("IRE") and Defendant RSE on December 29, 2011, which subsumed IRE into Defendant RSE. Am. Compl. ¶ 11. At the time of the merger, Plaintiff possessed a thirty-three-and-one-third percent (33 1/3%) ownership interest in IRE. Id. After the completion of the merger, Plaintiff acquired a thirty percent (30%) ownership stake in RSE. Id. ¶ 46. Defendants Hepp, Fitzgerald-Hepp and Philo possessed the remaining ownership interests in RSE. Id. ¶ 66.

At some point on or before May 4, 2014, Defendants Hepp and Fitzgerald-Hepp reached an agreement in principle (the "Sale of Assets Agreement") with Stellar Refrigeration Services, Inc. ("Stellar"), of Jacksonville, Florida, to sell all of RSE's assets, excluding cash and accounts receivable to Stellar for a sum of $475,000, payable over a period of three years. Id. ¶ 51. Plaintiff believes that Defendants accepted this low sum because the individual Defendants negotiated large guaranteed sums or likely to occur contingent payments as part of their employment agreements with Stellar. Id. ¶ 63. Such action, if undertaken as alleged, would have resulted in Plaintiff receiving considerably less money from the sale of RSE's assets. Id.

Upon hearing of this agreement, Plaintiff notified Defendants that he elected to dissent from any decision to sell RSE's assets. Id. ¶ 56. At a shareholder's meeting, Defendants Hepp, Fitzgerald-Hepp and Philo voted to approve the Sale of Assets Agreement with Stellar while Plaintiff voted against the approval of the agreement. Id. ¶ 66. Prior to voting, Plaintiff avers that he offered $500,000 payable immediately in cash for the same assets covered in the Sale of Assets Agreement, which was rejected by Defendants. Id. ¶ 68. Defendants deny that Plaintiff made any such offer. (Defs.' Resp. in Opp'n ¶ 17.) In light of this alleged rejection, Plaintiff

believes Defendants' "real motivation to approve the deal with Stellar was and is to enjoy the benefits of artificially padded employment agreements and/or other consideration, and not to act in the best interests of RSE and its shareholders." Id. However, Defendant Philo is the sole Defendant presently employed by Stellar. (Defs.' Resp. in Opp'n ¶ 16.) Defendant Philo denies that any monetary consideration was diverted from the sale price of RSE's assets into his employment contract with Stellar. (Id.)

After the shareholder's meeting, Defendants shut down Plaintiff's email account with RSE. Am. Compl. ¶ 69. Also, Defendants instructed Plaintiff not to come into the office. Id. Defendants cited Plaintiff's vote against the Sale of Assets Agreement as the reason for their actions. Id. Plaintiff then sought and accepted employment with another refrigeration contracting company servicing the Philadelphia area. Id. ¶ 70.

On June 20, 2014, counsel for RSE sent a "litigation hold" letter to Plaintiff's new employer demanding the preservation of documents during the pendency of this action. Id. ¶ 71. Three days later, Plaintiff sent a "litigation hold" letter to Stellar, which included a similar demand. Id. At some point before June 30, 2014, RSE and Stellar decided against completing the Sale of Assets Agreement. Id. ¶ 74.

At a shareholder's meeting held on July 12, 2014, Defendants Hepp, Fitzgerald-Hepp and Philo voted to commence a voluntary dissolution and liquidation of RSE's assets. Id. ¶ 75. Plaintiff, as a shareholder of RSE, voted against the dissolution. Id. ¶ 76.

On July 18, 2014, Plaintiff filed a Motion seeking either judicial supervision of the dissolution or the appointment of a receiver or custodian. (See Pl.'s Mot. for Judicial Supervision.) Defendants responded in opposition twelve days later.[2] (See Defs.' Resp. in

---

[2] The Response in Opposition was originally filed by Defendant RSE, but was subsequently joined by the remaining Defendants. (See Doc. Nos. 12, 14.)

Opp'n.)  The crux of Plaintiff's argument is that judicial intervention is necessary to ensure that he will receive the appropriate compensation pursuant to his ownership interests from the liquidation of RSE.  (See Pl.'s Mot. for Judicial Supervision.)  Plaintiff cites several acts committed by Defendants as proof of their intent to promote their own interests at the expense of his interests.  (Id.)  Defendants reject these contentions and believe that Plaintiff's real motive is to exact retribution against his former business partners for leaving him, and to receive thirty percent (30%) of the net liquidation proceeds without paying for a thirty percent (30%) interest in RSE.  (Defs.' Resp. in Opp'n, 2.)

## II.  DISCUSSION

The issue before this Court is not whether the assets of RSE should be liquidated since the parties agree to the necessity of this action.  Rather, the point in question is whether judicial action is necessary to protect Plaintiff's interests in RSE during this liquidation process.

In the instant Motion, Plaintiff seeks judicial supervision of the dissolution of RSE,[3] or in the alternative, the appointment of a receiver or a custodian[4] to oversee the dissolution.  Plaintiff argues that if the Court does not supervise the liquidation of RSE, "Defendant R. Hepp will have every incentive to sell assets of RSE, including customer accounts, fixed assets, tools and vehicles, to Stellar for inadequate consideration, to boost his standing with his new employer." (Id. at 8-9.)  Specifically, Plaintiff avers that Defendants' refusal to sell RSE to him for $500,000 in cash, which at the time was a better deal than that offered by Stellar, exhibits Defendants' intent to promote their own interests at the expense of Plaintiff's interests.  Thus, Plaintiff

---

[3] Plaintiff's Motion cites to 15 Pa.C.S. §§ 104, 1791 and 1793 as grounds for judicial supervision of the liquidation of RSE's assets.  (Pl.'s Mot. for Jud. Supervision at 2.)

[4] Federal and Pennsylvania state law grant the Court with the discretion to appoint a receiver or a custodian.  See Fed. R. Civ. P. 66; see also 15 Pa.C.S. §§ 1767 and 1781.

contends that judicial oversight of the liquidation process is necessary to ensure fairness to all of the shareholders of RSE. (Id. at 13.)

While we agree with Plaintiff's assertion that the Court has the power to act in this situation by ordering judicial supervision or the appointment of a receiver or custodian, we do not concur as to the necessity or prudence of undertaking such action. The justification for Plaintiff's Motion is undercut by the fact that the liquidation of the assets of RSE will take place through a public auction, which serves to alleviate any concerns that Defendants can or will engage in self-dealing conduct or the misappropriation of RSE's assets.

Furthermore, the legal standard for judicial intervention is high, and thus, the relief Plaintiff seeks is only granted in rare circumstances. See Rumbaugh v. Beck, 491 F. Supp. 511, 520 (E.D. Pa. 1980), *aff'd*, 636 F.2d 1210 (3rd Cir. 1980) (noting that the power should only be exercised sparingly and with great caution). The appointment of a receiver or a custodian is an extraordinary remedy, which is "to be applied cautiously and only in clear cases." Nedler v. Vaisberg, No. 05-6113, 2006 WL 1321482, at *2 (E.D. Pa. Apr. 18, 2006); see also Simms v. Exeter Architectural Prods., Inc., 868 F. Supp. 668, 672-73 (M.D. Pa. Feb. 10, 1994) ("a receiver is, like an injunction, an extraordinary remedy, and ought never be made except in cases of necessity, and upon a clear and satisfactory showing that the emergency exists, in order to protect the interests of the plaintiff in the property involved").

Here, Plaintiff's theories underlining the need for intervention are factually unsupported, and the record evidences stark disagreement between the parties on key events. See Nedler, 2006 WL 1321482, at *2 (requiring more than mere allegations to grant equitable relief in such situations). For instance, the Court is skeptical of Plaintiff's assertion relating to self-dealing between Defendants and Stellar in light of the information provided by Defendants that

Defendant Philo is the only employee that works for Stellar and that Stellar has expressed that it "has no intention of even bidding on the assets of RSE." (Defs.' Resp. in Opp'n 1.) In addition, the parties disagree over such integral facts as Plaintiff's ownership interest in RSE[5] and whether Plaintiff actually offered to purchase RSE prior to the proposed sale to Stellar. These instances are indicative of a wider clarity problem, which precludes the relief sought by Plaintiff. See Nedler, 2006 WL 1321482, at *2; see also Saluck v. Rosner, No. 98-5718, 1999 WL 46620, at *2 (E.D. Pa. Jan. 6, 1999) (holding that a court should only proceed to appoint a receiver when the right to a receivership is clear).

Based on the record before this Court, we find this action is not an extraordinary case warranting judicial intervention. Furthermore, the Court believes that the liquidation of RSE's assets through a public auction will ensure the fairness sought by Plaintiff in his Motion. As such, we deny Plaintiff's Motion.

An appropriate Order follows.

---

[5] Defendants contend that Plaintiff has failed to pay the amount owed for the purchase of RSE stock. (Defs.' Resp. in Opp'n 3.) As a result, there is now a dispute as to whether Plaintiff is currently in default of the debt. (Id.) Defendants assert that if it is determined that Plaintiff is in default, the shares of the RSE stock could revert back to Defendants under the terms of the Stock Pledge and Security Agreement. (Id.)